IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40400
Conference Calendar
_____


TYRONE HALL,

                                        Plaintiff-Appellant,

versus

ROGER D. ADAIR, CO3; DAVID C. BROWN, CO3;
RICHARD L. JACKSON, JR., Sergeant,

                                        Defendants-Appellees.


- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:94-CV-524
- - - - - - - - - - -
(October 18, 1995)
Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

     In four sparse paragraphs, Tyrone Hall requests this court
to appoint counsel because Hall is a layman, asks for a new trial
with a jury, makes generalized allegations concerning his
confinement unrelated to the specific allegations of his lawsuit,
and conclusionally states that the defendants violated the law.
"Although we liberally construe briefs of pro se litigants and
apply less stringent standards to parties proceeding pro se than

---

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

to parties represented by counsel, pro se parties must still brief the issues and reasonably comply with the standards of [Fed. R. App. P.] 28." Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995) (footnote omitted). Hall's brief does not reasonably comply with Rule 28, and it does not contain argument challenging the district court's final judgment. See Rule 28(a).

To the extent that Hall attempts to raise issues and argue them in his reply brief, the arguments come too late. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Hall cannot raise an issue for the first time in his reply brief, but he may respond to arguments raised in the appellees' brief. See Stephens v. C.I.T. Group/Equip. Fin., Inc., 955 F.2d 1023, 1026 (5th Cir. 1992).

Because Hall fails to present arguments in his original brief, his appeal is dismissed for failure to prosecute. See Grant, 59 F.3d at 525 n.7; 5th Cir. R. 42.3.2.

We caution Hall that any additional frivolous or wholly insufficient appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Hall is further cautioned to review all pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

DISMISSED. ADMONITION ISSUED.