IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-20637
Summary Calendar
_____

GREGORY LYNN SCERCY,

                                        Plaintiff-Appellant,

                    versus

TEXAS BOARD OF CRIMINAL JUSTICE,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas
USDC No. H-98-CV-4339

-----------------------------------------------------------------

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20641
Summary Calendar
_____

GREGORY LYNN SCERCY,

                                        Plaintiff-Appellant,

                    versus

THE STATE OF LOUISIANA,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
USDC No. H-99-CV-1547

_____
June 29, 2000
Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

_____

        *Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except

Gregory Lynn Scercy, Texas inmate #458066, presents two appeals and a motion for reinstatement of a third appeal.

In No. 99-20637, Scercy appeals the district court's denial of his injunctive relief and to compel discovery in his civil rights suit against the Texas Board of Criminal Justice. Scercy filed motions for protective orders and to compel discovery. The district court construed the former as a request for injunctive relief, denying the request for failure to make the required showing of irreparable harm. The court denied the motion to compel discovery because the defendants had not been served and discovery was premature.

In No. 99-20641, Scercy appeals the district court's dismissal without prejudice of his civil rights claim against the State of Louisiana and a New Orleans police officer over events that allegedly occurred in 1976. The district court dismissed his complaint because it was filed in the wrong forum, and the court did not transfer the case to the United States District Court for the Eastern District of Louisiana because it determined that the one-year statute of limitations under Louisiana law had clearly expired.

In addition to the briefs Scercy filed in these appeals, he has filed numerous other documents that we construe as motions to file supplemental briefs. We GRANT these motions and consider those supplemental briefs in these consolidated appeals.

---

under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The briefs Scercy has filed address a variety of his concerns but fail to argue that there was error by either district court in either case. An appellant's brief must contain his contentions and supporting reasons. *See* Fed. R. App. P. 28(a)(9). We liberally construe the filings of pro se appellants, but these must nevertheless brief issues to preserve them for appeal. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Scercy has preserved no issue for appeal.

Neither appeal has arguable merit, and we DISMISS these consolidated appeals as frivolous. *See* 5th Cir. R. 42.2.

Scercy had two strikes for purposes of 28 U.S.C. § 1915(g) in *Scercy v. Collins*, No. 98-41548 (5th Cir. Oct. 20, 1999). Scercy now has three strikes under § 1915(g), so he may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.

The appeal in No. 99-20937 sought review of the denial of his motion to proceed under § 2255, which Scercy presented during the proceedings in his civil rights case against the Texas Board of Criminal Justice, No. 99-20637. The appeal in No. 99-20937 was dismissed for failure to pay the docketing fee, and that defect has not been cured by paying the fee or by filing a motion for leave to proceed in forma pauperis. Scercy's motion to reinstate the appeal in No. 99-20937 is DENIED.

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) SANCTION IMPOSED; MOTIONS TO FILE SUPPLEMENTAL BRIEFS GRANTED; MOTION TO REINSTATE APPEAL DENIED; ALL OTHER OUTSTANDING MOTIONS DENIED.