IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10418
Conference Calendar
_____

UYI KING OSAYANDE,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-267-G
--------------------
August 22, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Uyi King Osayande, federal prisoner # 26653-077, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for writ of habeas corpus.

Osayande argues the merits of some of his claims which he raised in his 28 U.S.C. § 2241 petition and raises a new claim. He asserts that he has demonstrated cause and prejudice for his failure to raise these claims at trial or on direct appeal and has shown a fundamental defect in his conviction and an invalid sentence and, therefore, did not abuse the writ as found by the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

magistrate judge and the district court.  He asserts that the Government must plead abuse of the writ and that his petition should not be denied as successive because his first § 2255 motion was not denied on the merits.  Osayande also asserts that the district court erred in denying his petition without conducting a de novo review and committed a structural error by failing to hold an evidentiary hearing pursuant to 28 U.S.C. § 2243 on the legal sufficiency of his allegations.

These arguments are meritless.  The district court conducted a de novo review and adopted the magistrate judge's finding that Osayande was not entitled to proceed pursuant to 28 U.S.C. § 2241 because the relief he was seeking must be sought under 28 U.S.C. § 2255 and he had not demonstrated that the remedy provided for under 28 U.S.C. § 2255 relief was inadequate or ineffective.  The district court found from the face of the petition that Osayande was not entitled 28 U.S.C. § 2241 relief; thus, the court did not err in not holding a hearing on Osayande's petition.

Osayande does not argue that he is entitled to relief under 28 U.S.C. § 2241 or that the remedy under 28 U.S.C. § 2255 is inadequate or ineffective.  Although this court applies less stringent standards to parties proceeding pro se than to attorneys, pro se parties must still brief the relevant issues. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).  Because Osayande has failed to challenge the district court's reasons for denying § 2241 relief, he has abandoned that challenge.  See Brinkmann v. Dallas Co. Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Osayande's motion for review of "constitutional violation of structural error" is DENIED.

AFFIRMED; MOTION DENIED.