IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40848
Conference Calendar
_____

TOMMY EARL BOONE, JR.,

                                        Plaintiff-Appellant,

versus

JANIE COCKRELL, Director, Texas Department of Criminal
Justice, Institutional Division, Individually & In her
Official Capacity as Director; GARY J. GOMEZ, Director of
Inmate Grievances Region III; E. HARBIN, Assistant Warden
Stiles Unit,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CV-1823
--------------------

December 12, 2001

Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Texas state prisoner Tommy Earl Boone, Jr., #283484, appeals
the district court's dismissal of his 42 U.S.C. § 1983 complaint
as frivolous and for failure to state a claim.  He has also filed
motions for appointment of counsel and for permission to file a
supplemental brief.  These motions are DENIED.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Although this court applies less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construes briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of Fed. R. App. P. 28. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). This court will not construct arguments or theories for Boone absent any coherent discussion of those issues. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Boone makes no coherent argument challenging the correctness of the district court's judgment. Boone's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2.

The district court's dismissal of the present case and this court's dismissal of Boone's appeal count as two strikes against him for purposes of 28 U.S.C. § 1915(g). Boone has already accumulated four strikes. See Boone v. Anderson County, Tex., No. 99-41115 (5th Cir. Sept. 20, 2001)(unpublished); Boone v. Garrett, No. 01-40015 (5th Cir. Aug. 23, 2001)(unpublished). Because he is subject to the three-strikes bar under the statute, Boone is BARRED from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; MOTIONS DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED.