IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60222
Conference Calendar
_____


T. JAMES ANDERSON, JR.,

                                        Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CV-128-LN
--------------------
February 19, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    T. James Anderson, Jr., filed in state court an action for
declaratory judgment and injunctive relief against the United
States of America, as the employer of United States District
Court Judge William H. Barbour.  Anderson sought a declaration
that Judge Barbour was not impartial in his disposition of a
prior lawsuit by Anderson.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The United States filed a notice of removal to federal court pursuant to 28 U.S.C. §§ 1442, 1446. The United States then filed a motion to dismiss the action, arguing that it was barred by the doctrine of *res judicata* because Anderson had raised the same allegations in a previous unsuccessful action against Judge Barbour in the district court. The district court granted the motion to dismiss and imposed a $250 sanction against Anderson based on his failure to heed a warning that had been issued with respect to his prior frivolous lawsuit against Judge Barbour.

Although this court applies less stringent standards to parties proceeding *pro se* than to parties represented by counsel and this court liberally construes the briefs of *pro se* litigants, *pro se* litigants must still brief the issues and reasonably comply with the requirements of FED. R. APP. P. 28. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Issues not briefed are deemed abandoned. Evans v. City of Marlin, Tex., 986 F.2d 104, 106 n.1 (5th Cir. 1993).

Liberally construing Anderson's brief, Anderson has adequately briefed the following main issues for appeal: (1) that the removal of the action to federal court was not appropriate and did not comport with due process; (2) that the disposition of the case did not comport with due process. To the extent that Anderson intended to raise any issues other than those listed

above, Anderson has waived those arguments by failing to adequately brief them on appeal.  See Yohey, 985 F.2d at 225.

The procedure for removal is set forth by 28 U.S.C. § 1446. The United States complied with the requirements of § 1446, and it certified that it mailed a copy of the removal notice to Anderson.

With respect to Anderson's argument that removal was inappropriate, removal of Anderson's pleading was not made based on the substance of his claims, but rather because the United States was named as the defendant.  See 28 U.S.C. § 1442(a).

With respect to Anderson's argument that the proceedings in the district court did not comport with due process, "[a] federal district court has both specific and inherent power to control its docket . . . ."  In re United Markets Int'l, Inc., 24 F.3d 650, 654 (5th Cir. 1994).  The rules are to be "construed and administered to secure the just, speedy, and inexpensive determination of every action."  FED. R. CIV. P. 1.  The district court did not deny Anderson due process.  The judgment of the district court is AFFIRMED.  All outstanding motions DENIED.