**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 18, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10908
Conference Calendar

MARTIN STAFFORD; JUDY LAWRENCE, as Trustee for AM & J TRUST,
Coldwater Trust and the Red River Trust; GALE GREENSTREET,
as Trustee for the AM & J TRUST, Coldwater Trust, and the Red
River Trust,

                              Plaintiffs-Appellants,

versus

EDDIE STAFFORD; KYLE LEWIS; MOORE, LEWIS AND
RUSSWORM; D G J S PARTNERSHIP; GLENDA DISNEY; DEANA
STAFFORD JOHNSON; D'ON ARP,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CV-218
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Plaintiffs-appellants Gale Greenstreet and Judy Lawrence,

Texas residents, appeal from the district court's "Notice of

Deficiency" striking their notice to remove an action from a

Texas county court.  The court indicated that it was striking the

plaintiffs' notice of removal because they had failed to file the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

necessary state-court papers, had failed to file individual notices of removal, and had failed to pay sanctions that had been imposed upon them.

The plaintiffs now summarily argue that, in striking their notice of removal, the district court abused its discretion, committed "judicial error," entered a "biased and prejudicial ruling," and acted in an "individual capacity." They provide virtually no citations to the record or to relevant legal authority. They have not adequately briefed their challenges to the validity of the district court's order striking their notice of removal, and we will not consider their arguments. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). The appeal is frivolous, and it is DISMISSED. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

Plaintiff Lawrence's motion for substitution of parties is DENIED as unnecessary.

APPEAL DISMISSED; MOTION DENIED.