United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 05-10266
Summary Calendar**

**JERRY LEWIS DEDRICK,**

**Petitioner-Appellant,**

**versus**

**COLE JETER, Warden, Federal Medical Center Fort Worth,**

**Respondent-Appellee.**

**Appeal from the United States District Court
for the Northern District of Texas
(4:04-CV-940-A)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jerry Lewis Dedrick, federal inmate # 27140-180, appeals, *pro se*, the dismissal of his 28 U.S.C. § 2241 habeas petition, in which he claimed: he was denied due process during prison disciplinary proceedings; prison officials retaliated against him; and he received an improper inmate classification. He sought monetary damages and restoration of good time credits.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dedrick's petition was dismissed for failure to exhaust administrative remedies. Dedrick does not provide facts or assertions challenging the reason for the dismissal.

We apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, and we liberally construe the briefs of *pro se* litigants. Nevertheless, *pro se* parties must still brief the issues and reasonably comply with the requirements of Federal Rule of Appellate Procedure 28 (appellate brief requirements). ***Grant v. Cuellar***, 59 F.3d 523, 524 (5th Cir. 1995). By failing to challenge the district court's reason for dismissing his § 2241 petition, Dedrick has abandoned the issue on appeal. ***Yohey v. Collins***, 985 F.2d 222, 225 (5th Cir. 1993); ***Brinkmann v. Dallas County Deputy Sheriff Abner***, 813 F.2d 744, 748 (5th Cir. 1987).

Dedrick claims the district court erred by denying his motion to reinstate his petition, in which he sought production of documents concerning his administrative proceedings. Dedrick has not identified any documents he could have obtained to show the district court erred in dismissing his petition for failure to exhaust. The district court did not err in denying the motion to reinstate.

*AFFIRMED.*

2