# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-10401
Conference Calendar

ALTON R MACKEY

Plaintiff-Appellant

v.

SHIRLEY LEE, Investigator, Terry County Sheriff's Department; JERRY L
JOHNSON, as Sheriff of Terry County; ROY RICE, Chief of Police of Brownfield,
Texas

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:07-CV-266

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Alton R. Mackey appeals the district court's dismissal of his pro se 42
U.S.C. § 1983 civil rights complaint in which he alleged that the defendants
conspired to have him falsely arrested and convicted on drug charges. Mackey
was on parole following his 15-year sentence for delivery of a controlled
substance at the time he filed the instant § 1983 complaint.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

The district court determined that Mackey's claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because Mackey had failed to satisfy the favorable termination requirement enunciated in *Heck*.  Although Mackey asserts that the district court's decision was "erroneous" and that he should be granted an evidentiary hearing, Mackey does not discuss how the district court's determination was erroneous nor does he challenge the district court's determination that he failed to satisfy the *Heck* requirement.

This court will not raise and discuss legal issues that an appellant has failed to assert.  *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (emphasizing that although pro se briefs are construed liberally, pro se parties must still brief the issues and reasonably comply with FED. R. APP. P. 28(a)).  Issues not adequately argued in the body of the brief are deemed abandoned.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  By failing to challenge the district court's determination or to identify any error in the district court's order regarding his claims for relief, Mackey has abandoned his claims on appeal.  *See id.; Brinkmann*, 813 F.2d at 748 (noting that the failure to identify any error in the court's analysis is the same as if the appellant had not appealed the judgment).

The judgment of the district court is AFFIRMED.