United States Court of Appeals,

Fifth Circuit.

No. 94-60667

Summary Calendar.

Robert L. GRANT, Plaintiff-Appellant,

v.

Margos A. CUELLAR, R.A. Love, and A. William, Defendants-Appellees.

July 27, 1995.

Appeal from the United States District Court For the Southern District of Texas.

Before SMITH, EMILIO M. GARZA and PARKER, Circuit Judges.

PER CURIAM:

Robert Grant, an inmate proceeding *pro se* and *in forma pauperis,* appeals the district court's dismissal, under 28 U.S.C. § 1915(d) (1988), of his civil rights suit against several prison officials. We dismiss for want of prosecution.

Grant filed an excessive force claim under 42 U.S.C. § 1983 (1988) against several prison officials, alleging that they had violated his First and Eighth Amendment rights. He alleged that a prison official had struck him repeatedly with a metal bar and that two other officials had watched without intervening. Grant had objected to the condition of a meal tray he had received, and he claims that the prison official had physically assaulted and verbally abused him when he motioned to summon a supervisor. At the time of this incident, Grant was assigned to a segregation cell for having assaulted a prison official. After conducting a *Spears* hearing,[1] the district court dismissed Grant's claims as frivolous. Grant filed a timely appeal.

Grant's appellate brief does little more than restate the relevant factual events leading to his original complaint. Accordingly, the prison officials argue that we should dismiss Grant's appeal for

[1]*See Spears v. McCotter,* 766 F.2d 179 (5th Cir.1984).

failure to comply with Rule 28(a) of the Federal Rules of Appellate Procedure.[2]  Although we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel,[3] *pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28.  *See United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir.1994) ("[P]ro se litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure."); *Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir.1993) (" "[A]rguments must be briefed to be preserved.' "  (quoting *Price,* 846 F.2d at 1028)).

The prison officials argue that Grant has abandoned his appeal by failing to brief any issues. This Court has considered a *pro se* appellant's brief despite its technical noncompliance with the Rules of Civil Procedure when it at least argued *some* error on the part of the district court.  *See, e.g., Wilkes,* 20 F.3d at 653 (considering issue even after criticizing brief for failing to cite to the record for argument that his sentence was improper because "the superseding information failed to specify the type and quantity of drug he possessed");  *Price,* 846 F.2d at 1028 (addressing issue even though the "only reference appellant makes to the district court's dismissal of his lawsuit is to assert that "this action is not time barred' ");  *Amin,* 706 F.2d at 640 n. 1 (considering brief because it "contains an assertion of trial court error").  *But see Yohey,* 985 F.2d at 224 (holding that plaintiff had abandoned issues because he merely "request[ed] ... the adoption of previously filed legal and factual arguments in his objections to the magistrate judge's report and in various state court pleadings").  In this case, Grant fails to meet even this minimal requirement.  Aside from the implication raised by its existence, his brief does not argue that the district court erred in any way.[4]

---

[2]Rule 28 requires an appellant's brief to contain, among other things, a statement of the issues and an argument.  Fed.R.App.P. 28(a).

[3]*Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972) (holding pleadings filed by *pro se* parties to "less stringent standards than formal pleadings drafted by lawyers" and allowing *pro se* petitioners to proceed when their briefs, "however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence");  *accord Price v. Digital Equip. Corp.,* 846 F.2d 1026, 1028 (5th Cir.1988);  *Abdul-Alim Amin v. Universal Life Ins. Co.,* 706 F.2d 638, 640 n. 1 (5th Cir.1983).

[4]Grant only states his factual allegations and that "Defendant's caused Plaintiff Robert L. Grant to sustain injuries in violation his constitutional right."

This Court has discretion to consider a noncompliant brief,[5] and it has allowed *pro se* plaintiffs to proceed when the plaintiff's noncompliance did not prejudice the opposing party. *Price,* 846 F.2d at 1028.[6] Accordingly, we look to whether Grant's noncompliance with procedural rules caused the prison officials harm or unfair surprise. *See Price,* 846 F.3d at 1028 (finding no prejudice when opponent had addressed all issues).

The district court dismissed Grant's complaint on the grounds that it was frivolous. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Denton v. Hernandez,* 504 U.S. 25, 31-33, 112 S.Ct. 1728, 1733-34, 118 L.Ed.2d 340 (1992). Because Grant does not state whether the basis for his challenge to the district court's dismissal is legal, factual, or both, he forced the prison officials to speculate as to the relevant issues when they prepared their own brief. They assumed that Grant intended to argue that his complaint was legally nonfrivolous, and they addressed that question. However, the prison officials did not address the question of factual frivolousness, nor did they address every issue relevant to an evaluation of legal frivolousness. Grant's failure to articulate any appellate argument therefore deprived the prison officials of their opportunity to address fully all the issues and prejudiced their ability to prepare and present arguments to this Court. Consequently, we will not excuse his noncompliance with Rule 28.

For the foregoing reasons, we DISMISS Grant's appeal for want of prosecution.[7]

---

[5] *See Wilkes,* 20 F.3d at 653 (reviewing *pro se* prisoner's appeal after cautioning that appellant's noncompliance with Local Rule 28.2.3, which provides that "[e]very assertion in the briefs regarding matter in the record shall be supported by a reference to the page number of the original record where the matter relied upon is to be found," and Fed.R.App.P. 28 *may* result in dismissal of the appeal).

[6] In *Price,* this Court permitted a *pro se* plaintiff to proceed with a Title VII claim because it was "unable to perceive any prejudice to appellee from appellant's deficient brief." *Price,* 846 F.2d at 1028; *cf. FSLIC v. Haralson,* 813 F.2d 370, 373 n. 3 (11th Cir.1987) (allowing *pro se* plaintiff to proceed because opponent could not claim that "it was not aware of the issues in this appeal or that it was hampered in its ability to respond").

[7] "In all instances of failure to prosecute an appeal to hearing as required, the Court may take such other action as it deems appropriate." 5th Cir. Local R. 42.3.3. "[W]hen appellant fails ... to comply with the rules of the Court, the Clerk shall enter an order dismissing the appeal for want of prosecution." 5th Cir. Local R. 42.3.2.