IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50570
Summary Calendar
_____


DAVID KIKTA,                                    Plaintiff-Appellant,

versus

R. HERNANDEZ, DR.; ALLEN STEMSRUD; JOE LOPEZZ;
EDWARD SERVIDER, LT.; SIMMONS, CPL.;
WILLIAM MCTIQUE, CPL.; LEO SAMANIEGO; SHERIFF;
KAMINSKI, SGT.; DORADO, CPL.; LVN ROSE;
LVN MARIA; ROWEN, SGT.; A. FERNANDEZ, LT.,

                                                Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-93-CV-2323
_____

February 7, 1996

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM[*]:

    Plaintiff-Appellant David Kikta ("Kikta") appeals the dismissal of his 42 U.S.C. § 1983 civil right complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim. Kikta argues that Defendants-Appellees denied him due process, equal protection, and were deliberately indifferent to his serious medical needs for requiring him to sign a form agreeing to return eyeglasses upon his release from the El Paso County Detention Facility. He also argues

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

that the district court should have appointed counsel for him. We have reviewed the record and the district court's opinion and perceive no reversible error. We dismiss the appeal as frivolous.

Kikta's claim relating to this separation from general population is not reviewed for failure to adequately brief. *See Grant v. Cuellar*, 59 F.3d 523, 525 (5th Cir. 1995). His claims of overcrowding, inadequate ventilation system and food service, denial of access to the courts, and retaliation for filing grievances are also not considered based on Kikta's attempt to incorporate his district court pleadings rather than briefing the issues in his appellate brief. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

We have reviewed Kikta's remaining claims, which he contends constitute due process, equal protection, and Eighth Amendment violations. We find, for the reasons set forth in the district court's July 7, 1995 order, that the district court correctly dismissed Kikta's claims.

Additionally, we find that the district court did not abuse its discretion in denying Kikta's request for counsel, *see Neal v. Stringer*, No. 94-60152 (5th Cir. Oct. 17, 1995) (unpublished), and we deny Kikta's request for counsel on appeal. Thus, we hold that Kikta's appeal is frivolous and dismiss his appeal accordingly. *See* 5th Cir. R. 42.2.

Kikta has had a previous appeal dismissed as frivolous, and he has been previously sanctioned for abusing the rehearing procedures. *See Kikta v. Maruasti*, No. 94-50527 (5th Cir. Jan. 26,

1995) (unpublished) and *Kikta v. Maruasti*, No. 93-8485 (5th Cir. Feb. 17, 1994) (unpublished).  We caution Kikta that any additional frivolous appeals filed by him will invite the imposition of sanctions.   To avoid sanctions, Kikta is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this Court.

APPEAL DISMISSED.