IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 97-10726
Summary Calendar

---

BRIAN BLAINE REYNOLDS,

Plaintiff-Appellant,

versus

AMERICAN ACADEMY ACHIEVEMENT, INC., et al.,

Defendant-Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas
(3:96-CV-2751-R)

---

March 13, 1998

Before JOHNSON, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Brian Blaine Reynolds challenges the district court's order dismissing his lawsuit for failure to state a claim.

As a preliminary matter, this Court finds that it has jurisdiction to consider the present appeal.[1] The Court is required to address questions of subject matter jurisdiction <u>sua sponte</u>. <u>Giannakos v. M/V BRAVO TRADER</u>, 762 F.2d 1295, 1297 (5th

---

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

[1]Or, put succintly, the Court affirms the district court's June 19, 1997, written epistle.

Cir. 1985). After a careful review of the record and the controlling authorities, the Court concludes that there is no jurisdictional bar to consideration of this appeal. See Thomas v. LTV Corp., 39 F.3d 611, 615 (5th Cir. 1994).

Reynold's one paragraph challenge of the district court's dismissal for failure to state a claim fails to present an issue for appeal. This court will not raise and discuss legal issues that a litigant fails to assert, for claims not pressed on appeal are deemed abandoned. Brinkman v. Dallas County Sheriff, 813 F.2d 744, 748 (5th Cir. 1987). This Court applies less stringent standards to pro se appeals, but even so, pro se litigants must reasonably comply with the standards of Federal Rule of Civil Procedure 28. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Reynolds did not point out specific error in the district court's legal analysis nor cite any authority in support of his general proposition that the district court erred in dismissing his claim. His brief is devoid of logical argumentation or citation to authority. Accordingly, he has abandoned the only issue on appeal. See Yohey, 985 F.2d at 224-25.

Because Reynold's appeal is without arguable merit, it is frivolous. For that reason, it is dismissed. See 5TH CIR. R. 42.2.

The Court cautions Reynolds that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Reynolds is further cautioned to

2

review any pending appeals to make sure that they do not raise frivilous arguments.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.