IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30411
Conference Calendar

_____

MARY ANN BIDDLE LOVELL,

Plaintiff-Appellant,

versus

BOARD OF REGENTS; E. JOSEPH SAVOIE; BOARD OF TRUSTEES; CAROL
SHETLER; UNIVERSITY OF LOUISIANA SYSTEM; CARROLL J. FALCON;
GRAMBLING STATE UNIVERSITY; STEVE A. FAVORS; NEARI F. WARNER,
DR.; GERALD L. ELLIS; ANDOLYN B. HARRISON; WILTON BARHAM;
BENNIE R. LOWERY; KATHRYN LEY; BARBARA MAYFIELD; VERNON L.
FARMER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-1004
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Mary Ann Biddle Lovell, pro se and proceeding in forma
pauperis (IFP), filed a civil rights complaint against numerous
officials in the State of Louisiana University system including
numerous members of the faculty at Grambling State University.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The district court dismissed the action as frivolous under 28 U.S.C .§ 1915(e) because Lovell's conclusional allegations would not support a civil rights action under 42 U.S.C. § 1983.

In her brief on appeal, Lovell does not specifically address the district court's dismissal of her case as frivolous. Although we apply less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construe briefs of pro se litigants, pro se parties must brief the issues and reasonably comply with the requirements of Fed. R. Civ. P. 28. See Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). As Lovell has not specifically addressed the district court's dismissal of her complaint as frivolous, she has abandoned the only issue before this court. Lovell's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). It is DISMISSED. 5th Cir. R. 42.2.

Lovell has been cautioned that sanctions would be imposed if she continued to file frivolous pleadings. Lovell v. Hightower, No. 98-31375 (5th Cir. Aug. 27, 1999)(unpublished). Although we could impose sanctions for this frivolous appeal, we choose to again WARN Lovell that submission of any frivolous matter to this court or any court subject to the jurisdiction of this court at any time will subject her to sanctions.

APPEAL DISMISSED; SANCTION WARNING ISSUED.