United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30656
Conference Calendar

_____

DONALD RAY ALEXANDER,

Plaintiff-Appellant,

versus

TOWN OF MANSURA; RENEA Y. ROY; PHILLIP LUCAS, In His Official
Capacity as Chief of Police of the Town of Mansura,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:03-CV-01494-FAL
--------------------

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Donald Ray Alexander appeals the district court's denial of
his motion for a new trial. Alexander does not challenge the
district court's determination that his motion for a new trial
was not filed timely. See FED. R. CIV. P. 59(b).

We apply less stringent standards to parties proceeding
pro se than to parties represented by counsel, and we liberally
construe the briefs of pro se litigants; however, pro se parties
must still brief the issues and reasonably comply with the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requirements of FED. R. APP. P. 28. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). "FED. R. APP. P. 28(a)[(9)(A)] requires that the appellant's argument contain the reasons he deserves the requested relief with citation to the authorities, statutes and parts of the record relied on." Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Because Alexander does not address the district court's reason for denying his new trial motion, he has abandoned the only issue on appeal. Brinkmann, 813 F.2d at 748. Alexander's appeal is without arguable merit and, therefore, is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Alexander is warned that further frivolous filings in this court will subject him to sanctions.

APPEAL DISMISSED; SANCTION WARNING ISSUED.