United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 26, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-30694
Summary Calendar

JOHN O'ROURKE,

Plaintiff-Appellant,

versus

FAIRGROUNDS,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(2:04-CV-2101)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

John O'Rourke appeals *pro se* the summary judgment awarded his former employer, the Fairgrounds. (The Fairgrounds' motion to strike a portion of O'Rourke's brief is **GRANTED**; his motion to supplement the record on appeal is **DENIED**.)

O'Rourke was hired by the Fairgrounds in early 2003 to serve as a daytime security officer. On 1 August 2003, O'Rourke's supervisor spotted him, off-duty but in uniform, standing in line to place a bet. This action violated Fairgrounds' policy

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prohibiting security guards from "plac[ing] a bet or cash[ing] in a ticket when they are working or in uniform". An employee caught violating this policy "will face immediate suspension or termination". The supervisor asked O'Rourke to remove his uniform before placing a bet, but he refused, explaining he was off-duty. The supervisor reported this incident, and O'Rourke was given a one-day disciplinary suspension.

Several months later, in January 2004, O'Rourke resigned from his position, refusing to sign a resignation letter. On 26 March 2004, he filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) claiming that — based on the gambling incident alone — he was discriminated against as a white male; O'Rourke asserted that two black male employees had also gambled, without consequence, in violation of the Fairgrounds' policy. It appears this assertion is incorrect, because the Fairgrounds showed one black male was suspended for this behavior; there was no documentation of another individual engaging in similar behavior.

Subsequently, O'Rourke filed this action, claiming race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and defamation under Louisiana law. The district court awarded against O'Rourke. For the race-discrimination claim, the court concluded O'Rourke failed to state a *prima facie* case of discrimination and his employer stated a legitimate non-discriminatory purpose for his suspension. *See* **McDonnell Douglas Corp. v. Green**, 411 U.S. 792, 802 (1973). It

2

concluded O'Rourke's defamation claim failed because he did "not articulate[] facts essential to his cause of action under Louisiana law". (O'Rourke also claimed constructive discharge; summary judgment was also awarded against this claim, which does not appear to be raised in O'Rourke's *pro se* brief to our court.)

As noted, O'Rourke appeals *pro se*. *Pro se* litigants' briefs are liberally construed, and we are to apply less stringent standards to *pro se* litigants. **Grant v. Cuellar**, 59 F.3d 523, 524 (5th Cir. 1995). Despite this leniency, however, *pro se* litigants "must still brief the issues and reasonably comply with the standards of Rule 28" of the Federal Rules of Appellate Procedure. **Id.** O'Rourke's brief fails to articulate properly the issues on appeal. In any event, any contentions he makes lack merit. Essentially for the reasons stated by the district court, the summary judgment is **AFFIRMED**.

***AFFIRMED; APPELLEE'S MOTION GRANTED; APPELLANT'S MOTION DENIED***