United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 31, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
———————————————

No. 05-10989
(Summary Calendar)
———————————————

KEITH D. HARROD,

Plaintiff-Appellant,

v.

CITICORP CREDIT SERVICES, INC.,

Defendant-Appellee.

———————————
Appeal from the United States District Court
for the Northern District of Texas
(3:04-CV-2736)
———————————

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM[*]:

Plaintiff-Appellant Keith D. Harrod appeals <u>pro se</u> the district court's memorandum opinion denying his Petition to Vacate Arbitration Award and granting Citicorp Credit Services, Inc.'s ("CCSI") Motion to Confirm Arbitration Award. As Harrod is a <u>pro se</u> litigant, we liberally construe his briefs and we apply less stringent standards in interpreting his arguments.[1] When we do so here, we construe Harrod's briefs as attacking the arbitration award on four grounds: the arbitrator's (1) evident

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] <u>Grant v. Cuellar</u>, 59 F.3d 523, 524 (5th Cir. 1995).

partiality;[2] (2) exceeding his powers;[3] (3) manifest disregard of the law;[4] and (4) arbitrariness and capriciousness.[5]

We review a district court's confirmation of an arbitration award de novo.[6] Based on the applicable law and our extensive review of the parties' briefs and the record on appeal, we conclude that neither the arbitrator in issuing the award nor the district court in confirming the award committed any error. Simply put, there is absolutely no meritorious basis for vacating the award. Accordingly, we affirm the judgment of the district court in all respects.

Furthermore, even though Defendant-Appellee CCSI has not sought sanctions against Harrod under Federal Rule of Appellate Procedure 38 for a frivolous appeal, any future prolongation of this matter by him may subject Harrod to such sanctions.[7]

---

[2] 9 U.S.C. § 10(a)(1).

[3] Id. § 10(a)(4).

[4] Sarofim v. Trust Co. of the West, 440 F.3d 213, 216-17 (5th Cir. 2006).

[5] Safeway Stores v. Am. Bakery & Confectionery Workers Int'l Union, 390 F.2d 79, 81-82 (5th Cir. 1968).

[6] Action Indus., Inc. v. U.S. Fidelity & Guar. Co., 358 F.3d 337, 339-40 (5th Cir. 2004).

[7] In the conclusion to its appellate brief, CCSI requests us to award it costs and attorneys fees. CCSI, however, has failed to brief this issue and, as such, has waived any right to such costs and fees. Strong v. Bellsouth Telecomms., Inc., 137 F.3d 844, 853 n.9 (5th Cir. 1998); Webb v. Investacorp, Inc., 89 F.3d 252, 257 n.2 (5th Cir. 1996).

AFFIRMED.