# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2008

Charles R. Fulbruge III
Clerk

No. 06-11369
Summary Calendar

WILLIS DOUGLAS ROBINSON

                              Plaintiff-Appellant

v.

JANIE COCKRELL; DIRECTOR OF CSC; DICKENS COUNTY; JOHN DOES,
Dolph Briscoe Unit

                              Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:04-CV-130

Before HIGGINBOTHAM, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

Willis Douglas Robinson, Texas prisoner # 1012600, appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint. In his appeal, he argues the merits of his Eighth Amendment claim that he has suffered health problems as a result of his exposure to secondhand, or environmental, tobacco smoke. He also argues that, contrary to the district court's findings, he exhausted his administrative remedies. However, Robinson has failed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

address the district court's other bases for dismissal: mootness, statute of limitations, and failure to name defendants who are liable under § 1983. Thus, even if he did exhaust his administrative remedies, he has not shown that he could overcome the other hurdles underlying the district court's dismissal of his suit. Failure to identify such an error in the district court's analysis is the same as if the appellant had not appealed the judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); see id. ("We will not raise and discuss legal issues that [the appellant] has failed to assert."); see also Grant v. Culler, 59 F.3d 523, 524 (5th Cir. 1995) ("Although we liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel, pro se parties must still brief the issues and reasonably comply with the standards of Rule 28."). The district court's dismissal of Robinson's § 1983 suit is therefore AFFIRMED.