**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2009

No. 09-30094
Summary Calendar

Charles R. Fulbruge III
Clerk

BRENDA GANHEART,

Plaintiff - Appellant

v.

XAVIER UNIVERSITY OF LOUISIANA; NORMAN FRANCIS, President;
LARRY CALVIN, Director of Human Resources; ROBERT SKINNER,
Library Director; GENNICE W KING, Associate Director; ADRIENNE
WEBBER, Assistant Director, Access Services; WAYNE HARRIS, Dean,
College of Pharmacy; ELIZABETH BARRON, Doctor, Vice President,
Academic Affairs,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:07-CV-9703

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Brenda Ganheart, proceeding *pro se*, appeals a summary judgment
dismissing all of her claims arising from Xavier University's termination of her
employment as a part-time library technician. We review the grant of summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

judgment de novo, applying the same standards as the district court. *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 805 (5th Cir. 2007). Summary judgment is proper if the record reflects "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

The magistrate judge dismissed all of Ganheart's Title VII, Title IX, 42 U.S.C. § 1983, 29 U.S.C. § 206(d) and state law claims as time-barred. Ganheart's brief is comprised almost entirely of arguments disputing the magistrate judge's factual findings. However, the date used by the magistrate judge to calculate whether her claims were time-barred is not a disputed fact.

The only argument she raises in response to her claims being time-barred is a passing reference to the Lilly Ledbetter Act of 2009 (the "Act"). The Act, which is retroactive to May 28, 2007, provides:

> For purposes of this section, an unlawful employment practice occurs, with respect to discrimination in compensation in violation of this title, when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

42 U.S.C. § 2000e-5(e)(3)(A).

Assuming, without deciding, that the Act is applicable to Ganheart's claims, it nonetheless does not make any of Ganheart's claims timely. The magistrate judge began his calculations with Ganheart's last day of employment at Xavier University, not the date that she was first subject to any alleged discriminatory compensation decision. In other words, the magistrate judge's method of calculating the statute of limitations period comported with the Act.

Even if we were to liberally construe Ganheart's brief, *see Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) ("Although we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28."), we find no error in the magistrate judge's conclusion that all her claims were time-barred. Accordingly, there is no need to review the magistrate judge's alternative conclusions regarding Ganheart's failure to state a claim as to many of these actions.

Therefore, we AFFIRM the judgment.