**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2009

Charles R. Fulbruge III
Clerk

No. 09-10414
Summary Calendar

STEPHEN RAY RIVKIN

Petitioner - Appellant

v.

Warden REBECCA TAMEZ, FCI, Fort Worth,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas, Fort Worth
USDC No. 4:09-CV-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Stephen Ray Rivkin, *pro se*, appeals the district court's denial of his 28 U.S.C. § 2241 application for a writ of habeas corpus. We AFFIRM.

I.

A jury found Rivkin guilty of violating 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) and § 922(g)(3) (possession of a firearm by an unlawful

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

user of a controlled substance). He is serving a 41-month sentence at the Fort Worth Correctional Institution.

On January 5, 2009, Rivkin filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He sought habeas relief on the ground that the Bureau of Prisons ("BOP") had violated the Second Chance Act of 2007, Pub. L. No. 110-199 (April 9, 2008), by failing to place him in a halfway house or residential reentry center ("RRC") to serve the final 12 months of his prison sentence. The district court dismissed his petition for failure to exhaust administrative remedies. The district court rejected Rivkin's contention that pursuing administrative remedies would be an exercise in futility, noting that Rivkin cited no facts to support his implication that the BOP would categorically deny his appeals. The court noted that the Warden had provided evidence that nine inmates had requested consideration for more than 180 days' placement in the RRC, and that two had been granted such additional time. The court concluded that the BOP might well be persuaded by a request made by Rivkin through the administrative process to respond with a decision allowing him placement in an RRC for more than 180 days. Rivkin filed a timely notice of appeal.

In his brief, Rivkin argues that the BOP abused its discretion and exceeded its statutory authority when it denied him a sentence reduction pursuant to 18 U.S.C. § 3621(e) after he completed a Residential Drug Abuse Program. As the Warden points out in her brief, Rivkin's brief challenges a judgment in a separate case, *Rivkin v. Tamez*, No. 4:08-CV-733-A (N.D. Tex. April 13, 2009). That case is on appeal to this court in No. 09-10778. Rivkin does not make any arguments challenging the district court's decision that he failed to exhaust administrative remedies with respect to his claim that the BOP violated the Second Chance Act. When an appellant fails to identify any error in the analysis of the judgment from which he appeals, it "is the same as if he

had not appealed that judgment." *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In his reply brief, Rivkin claims that he did file a brief in the proper case. He cites page 4, paragraph 4, of his "Appeal," in which he says that he argued that the BOP has not implemented a policy for the Second Chance Act that he can use as a vehicle to appeal administratively. The document to which Rivkin refers is not his appellate brief but, instead, a document entitled "Appeal," which was filed in the district court on April 13, 2009. In response to the Warden's argument that he did not address exhaustion of remedies in his opening brief, Rivkin states in his reply brief that the Warden "apparently did not read Appellants [*sic*] original brief because clearly Mr. Rivkin asserted that an attempt at administrative remedy would have been an exercise in futility. He states this clearly on pg 14 in the last paragraph and cites <u>Jones v. Bock 166 L.Ed 2d 798.</u>" No such argument appears in Rivkin's opening brief. However, that argument does appear in the last paragraph of page 14 of his habeas petition. "Argument by reference is not permitted; an appellant who requests 'the adoption of previously filed legal and factual arguments . . . abandon[s those] arguments by failing to argue them in the body of his brief.'" *United States v. Jackson*, 549 F.3d 963, 972 n.6 (5th Cir. 2008) (quoting *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993)).

Although this court construes liberally the briefs of *pro se* litigants and applies less stringent standards to parties proceeding *pro se* than to those represented by counsel, *"pro se* parties must still brief the issues and reasonably comply with the standards of [Federal Rule of Appellate Procedure] 28." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Rivkin's brief fails to challenge the basis of the district court's judgment in this case, and thus does not comply with Rule 28. Even if we assume that the arguments presented in the documents referenced in Rivkin's reply brief have not been abandoned and are adequate to

satisfy the requirements of Rule 28, we nevertheless affirm the district court's judgment, essentially for the reasons stated by the district court. *Rivkin v. Tamez*, No. 4:09-CV-001-A (N.D. Tex. Feb. 12, 2009).[1]

AFFIRMED.

---

[1] Rivkin's motion to expedite the appeal is denied as unnecessary.