**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 9, 2009

Charles R. Fulbruge III
Clerk

No. 09-20205
Summary Calendar

ANGELA DELORES KIRKEND GREELY,

Plaintiff-Appellant

v.

JIM ELLIOTT, Chief of Police; SONNY GONZALES, JR., Patrol Sergeant;
CHRISTINA MELTON CRAIN, Chairman Person; ALL NAME AND
UNNAMED PERSONS MEDICAL DEPARTMENT OF EL CAMPO TX; NAME
AND UNNAMED MEDICAL PERSONS IN THE TEXAS MEDICAL
DEPARTMENT MEDICAL DEPARTMENT IN EL CAMPO POLICE
DEPARTMENT; NAME AND UNNAMED PERSON AND PERSONS IN THE
MEDICAL DEPARTMENT OF TEXAS DEPARTMENT OF CRIMINAL
JUSTICE; UNIT OF LANE MURRAY,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-3330

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Angela Delores Kirkend Greely appeals the district court's dismissal of her

42 U.S.C. § 1983 complaint. Greely alleged in the district court that various

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

officials and employees of the El Campo (Texas) Police Department and the Texas Department of Criminal Justice (TDCJ) were deliberately indifferent to her medical needs. The district court concluded that Greely's claims against the El Campo defendants were untimely and that her claims against the TDCJ defendants failed to show either personal involvement or a policy that resulted in the denial of her constitutional rights. The district court dismissed her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim.

Greely's appellate brief does not address the district court's reasons for dismissing her claims. Although we apply less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construe briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of Federal Rule of Appellate Procedure 28. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). We will not raise and discuss legal issues that Greely has failed to assert; when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Greely has failed to brief any issue, her appeal is frivolous and is dismissed. *See* 5TH CIR. R. 42.2.

Greely is warned that the filing of repetitious or frivolous appeals may result in the imposition of sanctions against her. These sanctions may include dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court and any court subject to this court's jurisdiction.

APPEAL DISMISSED; SANCTION WARNING ISSUED.