# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

December 22, 2010

No. 09-40977
Summary Calendar

**Lyle W. Cayce**
Clerk

REGINALD DONNELL RICE,

Plaintiff-Appellant

v.

CARRIE WRIGHT; KARL HEINRICH; LAUREN OSTEEN; JOHANNA HEINRICH; JOHN SEAL; TRACI SEAL; JOHN DOES 1-10; MELISSA KNIGHTEN,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CV-376

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Reginald Donell Rice, Texas prisoner # 1436278, filed a civil rights complaint seeking damages, unrelated to the conditions of his incarceration, pursuant to 42 U.S.C. § 1983. Rice was represented by counsel and paid the filing fee. The complaint was related to Idalesyia Nicole Knighten, a child born on January16, 2007, and who died on March 29, 2007, of sudden infant death

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40977

syndrome while in foster care at the direction of the Texas Department of Family and Protective Services. In his amended complaint, Rice alleged that Knighten was his daughter and that Wright and Osteen, in violation of the Constitution, had deprived him of his right to have a relationship with Knighten through their actions. Rice also brought state law wrongful death and survival actions against all of the defendants. The defendants moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because Rice failed to state a claim on which relief could be granted as he failed to allege sufficiently that he was Knighten's father. The district court granted the motions to dismiss because Rice's allegations of paternity were merely speculative.

A district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is subject to de novo review. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff fails to state a claim when the complaint does not contain "'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations, and footnote omitted). Rice has failed to brief whether the district court's dismissal of his action for failure to state a claim was error. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Accordingly, Rice has not shown error in the district court's dismissal without prejudice of his claims. Rice's motion to supplement his brief is granted.

AFFIRMED; MOTION GRANTED.