# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11290
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2017

Lyle W. Cayce
Clerk

CARON SUE PHILLIPS,

Plaintiff-Appellant

v.

HOME PATH FINANCIAL, L.P.; JP MORGAN CHASE BANK,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CV-793

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Caron Sue Phillips filed a pro se complaint in Texas state court against Home Path Financial, L.P. (Home Path) and JPMorgan Chase Bank (Chase), alleging that the property located at 12051 Vista Ranch Way, Fort Worth, Texas, was improperly sold following foreclosure. Specifically, she contended that Chase, the original mortgagee of the property, failed to prove that it had standing to foreclose and failed to comply with the requirements of the Federal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11290

Debt Collections Procedures Act or the state Uniform Commercial Code. As a result, the foreclosure was invalid and Home Path, the post-foreclosure buyer, could not take possession. After removing the case to federal court, Chase moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Phillips's claims were barred by res judicata and alternatively that the claims were without merit. The district court granted the motion to dismiss, finding that Phillips's prior lawsuit precluded the instant claims against Chase and that the meritlessness of her allegations warranted dismissal of her claims against Home Path. Phillips now appeals this ruling.

We review a Rule 12(b)(6) dismissal de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff[]." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (internal quotation marks and citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Wolcott*, 635 F.3d at 763 (internal quotation marks and citation omitted).

Under the doctrine of res judicata or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (internal quotation marks and citation omitted). A claim is barred by the doctrine of res judicata if the following four requirements are met: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of

No. 15-11290

competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." *Oreck Direct*, 560 F.3d at 401 (internal quotation marks and citation omitted).

Despite being on notice that the district court had dismissed the claims against Chase on res judicata grounds, Phillips has failed to cite to the res judicata standard and has failed to make any argument that could be construed as a challenge to the district court's ruling on this ground. In addition, she makes no argument on appeal that Home Path engaged in improper actions; instead, Phillips merely asserts that Home Path is barred from taking possession of the property in light of *Chase's* wrongful acts. Although this court applies "less stringent standards to parties proceeding pro se than to parties represented by counsel" and liberally construes the briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of Federal Rule of Appellate Procedure 28. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *see also Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (stating that pro se appellants must brief arguments in order to preserve them). Phillips's failure to make any argument relating to the district court's res judicata ruling and her failure to allege any wrongful actions on the part of Home Path results in the abandonment of those issues. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The judgment of the district court is thus AFFIRMED.

3