# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2020

Lyle W. Cayce
Clerk

No. 20-50940
Summary Calendar

James Logan Diez,

*Plaintiff—Appellant*,

*versus*

Google, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CV-495

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

James Logan Diez, appearing *pro se* and *in forma pauperis*, sued Google, Inc., alleging violations of the Texas Deceptive Trade Practices Act, as well as 18 U.S.C. § 2252A(f) (a federal child pornography statute). The district

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50940

court dismissed these claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). We AFFIRM.

## I.

Plaintiff-appellant James Logan Diez is jailed in Burnet County awaiting trial on charges related to child pornography. He brought this *pro se* suit against defendant-appellee, Google, Inc. Diez filed an application to proceed before the court below *in forma pauperis*. Because Diez requested permission to proceed without the prepayment of fees, pursuant to 28 U.S.C. § 1915(a), the lower court[1] was under a statutory obligation to "dismiss the case at any time if the court determine[d] that . . . the action . . . fail[ed] to state a claim upon which relief [could] be granted," 28 U.S.C. § 1915(e)(2)(B)(ii).

In this case, the lower court found that Diez failed to state a claim under either the Texas Deceptive Trade Practices Act (the "TDTPA") or 18 U.S.C. § 2252A(f).

## II.

We review de novo a district court's dismissal of a complaint both as frivolous and as failing to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii). *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). And, we apply the same standard of review applicable to dismissals made pursuant to FED.

---

[1] The district court dismissed Diez's claims after adopting the magistrate judge's report and recommendation and overruling Diez's timely objections. We note also that the magistrate judge recommended that service upon Google should be withheld pending the district court's decision. Because the district court adopted the recommendations in full, the case was dismissed before Google was served. This is apparently common practice for lower courts reviewing cases in this posture under 28 U.S.C. §1915. *See, e.g.*, *Ariosa v. DPS Texas*, No. A-13-CV-908-LY, 2013 WL 6628760, at *3 (W.D. Tex. Dec. 16, 2013); *Birdow v. Allen*, No. A-13-CV-709-LY, 2013 WL 4511639, at *1 (W.D. Tex. Aug. 23, 2013).

R. Civ. P. 12(b)(6). *Id.* We uphold a dismissal if, "taking the plaintiff's allegations as true, it appears that no relief could be granted based on the plaintiff's alleged facts." *Id.* (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). Alternatively, a claim may be dismissed as frivolous if "it lacks any arguable basis in law or fact." *Id.*

### III.

Diez's original complaint asserts two claims against Google. First, he alleges a claim under Tex. Bus. & Comm. Code §§ 17.50(a)(1)(B)(3), 17.46 (a)(b)(5), (7), (24), the TDTPA. Next, he alleges violations of 18 U.S.C. § 2252A(f)(1)-(2), a federal child pornography statute. We address each in turn.

### A. TDTPA Claims

To state a TDTPA claim, a plaintiff must allege that: (1) he is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts; and (3) these acts constituted a producing cause of the consumer's damages. *See* Tex. Bus. & Comm. Code § 17.46(a); *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). Diez's claim fails from the start because he has not alleged that he is a consumer, that is, he has failed to allege that he purchased or leased goods or services.

Specifically, the TDTPA defines "goods" as "tangible chattels or real property purchased or leased for use" and "services" as "work, labor, or service purchased or leased for use, including services furnished in connection with the sale or repair of goods." Tex. Bus. & Comm. Code 17.45(1)-(2). So, even liberally construing Diez's argument on appeal, as we must, *see Grant v. Cuellar,* 59 F.3d 523, 524 (5th Cir. 1995), and reading his point to be that he is the *ultimate* consumer, his claim still fails. To be clear, "[c]onsumer status depends on the transaction, not the contractual relationship between the parties." *See Flenniken v. Longview Bank & Trust*

*Co.*, 661 S.W.2d 705, 707 (Tex. 1983); *Ortiz v. Collins*, 203 S.W.3d 414, 424 (Tex. App.—Houston [14th Dist.] 2006, no pet.). By failing to allege the purchase or lease of goods or services, Diez has not alleged a transaction that would create consumer status.

Further, Diez's claim also fails on the third prong regarding "false, misleading, or deceptive acts." Specifically, Diez's original complaint includes nothing more than bare allegations that "Google [p]ublically [*sic*] professes a commitment to providing legal and wholesome content, and had a reputation for filtering illegal child pornography from its search results." These threadbare assertions are insufficient to establish that Google engaged in "false, misleading, or deceptive acts." Tex. Bus. & Comm. Code § 17.46(a); *see Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

For these reasons, Diez failed to state a TDTPA claim, and the district court properly dismissed it.

## B. Violations of 18 U.S.C. § 2252A

Diez's original complaint also alleged that Google's conduct violates 18 U.S.C. § 2252A, a child pornography statute. Subsection (f) of § 2252A provides a civil remedy for "any person aggrieved by reason of the conduct prohibited by the statute." Diez alleges that he is a person aggrieved by Google's failure to filter out certain images. The district court concluded that 47 U.S.C. § 230 provides Google with protection from suit and thus held that Diez failed to state a claim. We agree.

The relevant portion of § 230 states: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C.A. § 230 (c)(1) (West 2018). By its plain text, § 230 creates federal immunity to any cause of action that would make internet service providers liable for information originating with a third-party user of the service. *Doe v.*

No. 20-50940

*MySpace, Inc.*, 528 F.3d 413, 419 (5th Cir. 2008); *Zeran v. Am. Online, Inc.,* 129 F.3d 327, 330 (4th Cir.1997). A majority of federal circuits have interpreted § 230 "federal immunity" to be rather broad. *See, e.g.*, *Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1321 (11th Cir. 2006) (quoting *Zeran*, 129 F.3d at 330). This is so, particularly, where there is no evidence that the defendant is an "information content provider." *See* 47 U.S.C.A. § 230 (f)(3) (West 2018).

Here, Google is merely an interactive computer service provider as opposed to an information content provider. [2] Further, Diez's complaint is without adequately supported allegations that Google created the disputed content. Google is therefore immune from Diez's claims under federal law, and his claim fails.

## IV.

For the foregoing reasons, we AFFIRM.

---

[2] An information content provider "means any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C.A. § 230 (f)(3) (West 2018).