# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 9, 2023

Lyle W. Cayce
Clerk

———————

No. 22-40666
Summary Calendar

———————

Gabriel Rodriguez,

*Plaintiff—Appellant*,

*versus*

Judge Orlando Rodriguez; Ex-Judge Romero Molina; Craig Stephen Smith; Mayor Joel Villreal; Victor Canales, Jr.; Jane Doe; John Doe; City of Rio Grande City; Rene "Orta" Fuentes; Calixtro Villareal, *City Attorney*,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:22-CV-176

———————————————————

Before Jolly, Jones, and Ho, *Circuit Judges*.

E. Grady Jolly, *Circuit Judge*:[*]

Gabriel Rodriguez, proceeding pro se, appeals the district court's dismissal of his complaint. The appeal is DISMISSED.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40666

This case arises from Gabriel Rodriguez's ceaseless efforts to acquire nine tracts of real property and mineral rights ("the property") that were bequeathed to his adoptive father in a 1943 will. Texas state courts have determined, on more than one occasion, that Rodriguez has no rights to the property. Additionally, in 2015, a bankruptcy court approved a settlement in which Rodriguez relinquished any remaining interests that he held in the property. Despite those unfavorable judgments, Rodriguez's mother petitioned for review of the earlier state court decisions in 2019. The county court found the lawsuit "a vexatious and harassing attempt to interfere with . . . prior judgments" and enjoined Rodriguez and his mother from any future lawsuits attempting to relitigate any title to the property.

Nevertheless, Rodriguez persisted and filed this suit in district court, alleging that he is the lawful owner of the property. He further alleges that the defendants' actions in carrying out the judgments of the Texas state courts reflect violations of his constitutional rights, conspiracy to violate his rights, and failure to prevent the same, made actionable through 42 U.S.C. §§ 1983, 1985, and 1986, respectively, as well as civil theft and fraud in various forms.

In a thorough order, the district court dismissed all but one of Rodriguez's claims for failure to state a claim. The district court dismissed the remaining claim for lack of subject-matter jurisdiction. Additionally, the district court enjoined Rodriguez from filing suit in federal court premised on his asserted right to the property.

On appeal, Rodriguez does not articulate specific grounds for reversing the district court's judgment. Instead, he complains that the district court "violated equal protection" by using "wrong facts" and "wrong testimony" and dismissed his claim "in violation of Due Process of Law." Rodriguez further argues that a maritime judge should have been

No. 22-40666

allowed to participate in the proceeding so that the "facts or truth" could have been heard.

Although this court liberally construes briefs of pro se litigants, pro se parties "must still brief the issues and reasonably comply" with Rule 28 of the Federal Rules of Appellate Procedure. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam). Although Rodriguez's brief asserts extensive facts related to his grievances and a bevy of frivolous legal assertions, he fails to identify any actionable error by the district court. By failing to brief any arguments that dispute the district court's reasons for dismissing his complaint, Rodriguez has waived any such arguments and has failed to show any cognizable basis for relief. In short, Rodriguez's appeal is without merit and thus is dismissed as frivolous. *See id.*

APPEAL DISMISSED.