# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 22, 2024

Lyle W. Cayce
Clerk

No. 24-60141
Summary Calendar

—————————

Antonio R. Weathersby,

*Plaintiff—Appellant*,

*versus*

F.L. Crane & Sons,

*Defendant—Appellee*.

—————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:22-CV-124

—————————————————————

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Antonio R. Weathersby, an African American, filed this action *pro se* against his former employer, F.L. Crane & Sons ("Crane"), seeking recovery under Title VII for race-based discrimination and retaliation. The district court dismissed his suit on summary judgment, and Weathersby challenges that order in this appeal. We AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60141

## I.

Crane, a construction contractor, hired Weathersby in late April 2022 as a plaster helper. On Friday, May 7, 2022, Weathersby asked to have Monday, May 9 off from work. His supervisor agreed but told him he was required to return to work on Tuesday, May 10. Weathersby did not report for work on May 10th, May 11th, May 12th or May 13th. Weathersby's supervisor recommended that Weathersby be terminated from employment for failure to report to work as directed. After human resources personnel investigated the supervisor's recommendation, Crane terminated Weathersby's employment on May 23, 2022.

The district court determined that Weathersby failed to produce sufficient evidence, outside of his own conclusory allegations, as to the fourth element of a *prima facie* case of discrimination—that he was replaced by someone outside his protected group, or he was treated less favorably than other similarly situated employees outside the protected group.

## II.

In his *pro se* appellate brief, Weathersby fails to address the above basis for the district court's dismissal of his discrimination claim. He makes no argument that, contrary to the district court's determination, he provided evidence to satisfy his burden of establishing a *prima facie* case for his discrimination claim. Specifically, he does not argue that he was replaced by someone outside his protected group or that he was treated less favorably than other similarly situated employees outside his protected group. Weathersby also makes no argument that the district court erred in dismissing his retaliation claim.

Although we liberally construe the briefs of *pro se* litigants, "*pro se* parties must still brief the issues." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Weathersby's brief does not address the district court's specific

2

No. 24-60141

reasons for granting summary judgment. Because Weathersby fails to challenge the bases for the district court's dismissal of his claims, he has waived those issues, and it is the same as if he has not appealed the judgment. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that appellant's failure to identify any error in the basis for the district court's judgment "is the same as if he had not appealed that judgment").

AFFIRMED.