# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 10, 2024

Lyle W. Cayce
Clerk

———————

No. 23-40656
Summary Calendar

———————

J. W. Seals, Jr.; Vergie Seals; Marie L. Pace,

*Plaintiffs—Appellants*,

*versus*

Itex Group L.L.C.,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:22-CV-383

———————————————————————

Before Davis, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Plaintiffs-Appellants, J.W. Seals, Jr., Vergie Seals, and Marie L. Pace, proceeding *pro se*, appeal the district court's judgment dismissing their complaint as failing to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). For the reasons set forth below, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40656

Vergie Seals, an elderly, disabled African American, was a tenant in an apartment building in Beaumont, Texas, owned by Defendant-Appellee, ITEX Group, L.L.C. She and her children filed this suit seeking relief under the Fair Housing Act ("FHA"), Americans with Disabilities Act ("ADA"), and state law. Plaintiffs primarily alleged that the condition of Seals's apartment and the apartment building in general made her apartment uninhabitable. They alleged such conditions as structural defects, widespread mold, infestations of cockroaches and bedbugs, litter, blight, deficient security, and faulty and insufficient utilities.

Plaintiffs argued that the deplorable conditions of the apartment made it "unavailable" under Section 3604 (a) and (f)(1) of the FHA.[1] The district court, relying on this Court's decision in *Cox v. City of Dallas*, *Tex*., 430 F.3d 734,742-44 (5th Cir. 2005), determined that those sections of the FHA provide relief to persons suffering discrimination in the sale or rental of a dwelling, but not to persons claiming that an apartment is uninhabitable. Consequently, the district court granted Defendant's Rule 12(b)(6) motion to dismiss.

Although this Court liberally construes *pro se* briefs, "*pro se* parties must still brief the issues." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("[A]rguments must be briefed to be preserved."). Because Plaintiffs' appellate brief does not address the district court's basis for granting Defendant's motion to dismiss,

---

[1] Defendant challenged the standing of Seals's children, J.W. Seals, Jr., and Marie L. Pace, because they were not tenants in the building. The district court determined that their assistance to their mother and improvements to her apartment gave them standing. We find it unnecessary to consider this issue because Seals lived in the apartment and clearly has standing, and our disposition of this case makes it unnecessary for us to consider her children's standing.

No. 23-40656

they have abandoned the sole issue on appeal.[2] *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that appellant's failure to identify any error in the basis for the district court's judgment "is the same as if he had not appealed that judgment"). Accordingly, the judgment of the district court is AFFIRMED.

---

[2] Plaintiffs' appellate brief also does not challenge the district court's denial of their motion to amend or its denial of relief under Title VI of the Civil Rights Act.