# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2024

Lyle W. Cayce
Clerk

———————

No. 24-30284
Summary Calendar

———————

RUSSELL KELLY,

*Plaintiff—Appellant*,

*versus*

FEDERAL DEPOSIT INSURANCE CORPORATION, *as Receiver for*
FIRST NBC BANK; FIRST NBC BANK,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CV-91

———————————————————

Before JONES, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Plaintiff-Appellant Russell Kelly, proceeding pro se, appeals the district court's dismissal of his claim for lack of subject matter jurisdiction. Because Kelly failed to preserve any challenge to the district court's finding that collateral estoppel barred his suit, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-30284

This appeal is the most recent chapter in an ongoing dispute over an alleged agreement between Kelly and First NBC Bank (and its successors in interest) regarding a property in New Orleans that served as a collateral for the bank's loans to Kelly. In 2014, Kelly sued First NBC in state court, seeking damages for alleged torts and misrepresentations related to his loan. Shortly thereafter, that case was dismissed with prejudice upon the parties' joint motion. In 2017, First NBC was declared insolvent, and Defendant-Appellee Federal Deposit Insurance Corporation ("FDIC") was appointed receiver. Over a year later, Kelly attempted to revive his 2014 lawsuit against First NBC, and the FDIC removed it to federal court (hereinafter referred to as the "First Federal Case"). The federal district court ultimately dismissed the First Federal Case in December 2019 for lack of subject matter jurisdiction due to Kelly's failure to comply with the administrative requirements of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA").[1] Kelly did not appeal.

Despite the 2019 dismissal, Kelly nonetheless filed a motion to reinstate his claim against the FDIC in state court in November 2023. Again, the FDIC removed the case to federal court, where it was assigned to the same district court judge who presided over the First Federal Case (the "Second Federal Case"). In March 2024, the district court issued an opinion again dismissing Kelly's suit for lack of subject matter jurisdiction, but this time finding that Kelly's suit, which raises identical issues to those raised in the First Federal Case, was precluded under the doctrine of collateral estoppel.

---

[1] "In enacting FIRREA, Congress established a comprehensive administrative procedure for the resolution of claims against a failed financial institution held in receivership by the FDIC." *FDIC v. Scott*, 125 F.3d 254, 257 (5th Cir. 1997).

No. 24-30284

Kelly timely appealed the district court's dismissal. On appeal, he simply reiterates the arguments he made before the district court in the First Federal Case regarding FIRREA's jurisdictional bar of his claims. Even construing his briefs "liberally," as we must for a pro se litigant, *see Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), Kelly never even mentions, let alone challenges, the district court's finding in the Second Federal Case that collateral estoppel bars the litigation of his lawsuit. By failing to raise a challenge to the district court's reasoning for dismissal on appeal, it "is the same as if he had not appealed that judgment." *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (finding also that "[w]e will not raise and discuss legal issues that [appellant] has failed to assert").

We AFFIRM the district court's judgment.