REVISED April 23, 2010

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**United States Court of Appeals
Fifth Circuit**

**F I L E D**

**March 24, 2010**

Charles R. Fulbruge III
Clerk

No. 08-40659
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODRIGO ARIZPE,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:06-CR-1626-5
No. 5:08-CV-47

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rodrigo Arizpe appeals the denial of his 28 U.S.C. § 2255 motion challenging his conviction and sentence. We dismiss the appeal.

Arizpe pled guilty to one count of conspiracy to seize and detain foreign nationals for ransom. The plea agreement contained a waiver of Arizpe's right to contest his conviction by means of any post-conviction proceeding, including one under § 2255.

In accordance with the terms of the waiver, the district court dismissed the § 2255 motion. Arizpe applied to this court for a certificate of appealability ("COA") to contest the dismissal. We granted a COA on one issue: whether Arizpe knowingly and voluntarily waived his right to pursue relief under § 2255.

Arizpe's initial brief addressed only whether he was denied effective assistance of counsel and whether the government breached the plea agreement. Because the brief contained no argument or record citations regarding the sole issue on which the COA had been granted, the government moved to strike the brief. We granted that motion and ordered Arizpe to file a new brief addressing whether his waiver of the right to appeal was knowing and voluntary. Instead of filing a new brief, Arizpe merely resubmitted his original brief with a new signature page.

Arizpe's repetitive brief does not adequately address the issue on appeal. Federal Rule of Appellate Procedure 28(a)(9)(A) requires that the appellant's brief contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Although we apply less stringent standards to pro se litigants and liberally construe their briefs, "pro se parties must still brief the issues and reasonably comply with the standards of Rule 28." Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).

Arizpe's brief does not even hint at the appealable issue until the last page. And even there, he only reproduces the conclusory statements that he never understood that he waived the right to appeal and that nobody explained that

he could waive those rights before a sentence was imposed. This court informed Arizpe that his initial brief was inadequate, but he chose to re-file it anyway. We will not raise and discuss legal issues that Arizpe has failed to assert; those issues are deemed abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The appeal is therefore DISMISSED for want of prosecution, and all outstanding motions are DENIED.