# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2010

No. 10-20058
Summary Calendar

Lyle W. Cayce
Clerk

KENNETH E. DEAN,

Plaintiff-Appellant

v.

MERRILL LYNCH; UBS FINANCIAL SERVICES INC, also known as UBS
Painewebber Inc; DAVIS DENNY, II; MERRILL LYNCH PIERCE FENNER
& SMITH INC.,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-1113

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kenneth E. Dean (Dean), appearing pro se, filed a complaint against
Merrill Lynch Pierce Fenner & Smith Inc. (Merrill Lynch), UBS Financial
Services Inc. (UBS), and Davis Denny II (Denny), alleging that the defendants
committed fraud, which resulted in the loss of his savings, and that he should
not have to arbitrate his claims.  The defendants filed motions to dismiss,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

contending, inter alia, that Dean had agreed to arbitrate any claims against them and had previously instituted arbitration proceedings.  The district court dismissed Dean's claims after determining, inter alia, that Dean had agreed to arbitrate his claims against the defendants and that Dean had previously instituted arbitration proceedings that raised the same claims that Dean was raising in federal court.

While Dean's appeal indicates an intent to challenge the district court's dismissal of his claims, Dean's briefs consist of poorly drafted, conclusional allegations that fail to adequately challenge the basis of the district court's dismissal.  Dean does not provide record references to documents that support his claims, nor does he provide legal authority to support his assertions. Although this court liberally construes pro se briefs, arguments must be briefed to be preserved.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Pro se parties must brief the issues and reasonably comply with Rule 28(a) of the Federal Rules of Appellate Procedure, which requires, inter alia, citations to authorities and parts of the record on which the appellant relies.  *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); FED. R. APP. P. 28(a)(9)(A).  By failing to present argument that challenges the basis of the district court's dismissal, Dean has abandoned his challenge to the district court's dismissal of his claims. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (explaining that the failure to identify an error in the district court's analysis is the same as if the appellant had not appealed the judgment).

The judgment of the district court is AFFIRMED.