# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 28, 2011

Lyle W. Cayce
Clerk

No. 10-20379
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEFF HENRY WILLIAMSON,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-539-1

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jeff Henry Williamson was indicted on August 13, 2008 for sending threatening communications through interstate commerce. The indictment alleged that Williamson sent an e-mail to the United States Attorney for the Southern District of Texas stating that he was going to blow up the J. Edgar Hoover Building. Williamson was arraigned on September 3, 2008. On April 21, 2009, the district court entered an order finding that Williamson was suffering from a mental disease or defect rendering him incompetent to stand trial.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Williamson was committed to the custody of the Attorney General for treatment and evaluation. On January 4, 2010, the district court found Williamson competent to stand trial. Williamson went to trial on March 5, 2010. The jury found Williamson guilty. The district court sentenced him to 42 months in prison to be followed by three years of supervised release.

Williamson argues that his statutory right to a speedy trial was denied because his trial took place beyond the time permitted by the Speedy Trial Act. The Speedy Trial Act requires that a federal defendant be tried within 70 nonexcludable days of the filing of his indictment or his appearance before a judicial officer, whichever comes later. 18 U.S.C. § 3161(c)(1). We review the district court's factual findings in support of its Speedy Trial Act ruling for clear error and the district court's legal conclusions de novo. United States v. McNealy, 625 F.3d 858, 862 (5th Cir. 2010). Although Williamson challenges the general use of the pendency of his motions to toll the running of the 70 days, he has not shown that any of the facts as found by the district court are erroneous. Williamson has not shown that the indictment should have been dismissed based on the Speedy Trial Act

The district court did not err in denying Williamson's motions to dismiss indictment on constitutional grounds. To determine whether a defendant's constitutional right to a speedy trial has been violated, the court must balance four factors: (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) whether the defendant was prejudiced by the delay. Barker v. Wingo, 407 U.S. 514, 530 (1972). The Barker factors do not weigh heavily in Williamson's favor, and therefore he is not entitled to a presumption of prejudice. Williamson was tried within 60 days of the district court finding him competent to stand trial he has failed to make a showing of actual prejudice.

Williamson argues that the evidence was insufficient to support his conviction because the Government did not show that he sent the threatening

2

e-mail. Williamson preserved this issue and review is de novo. See United States v. Williams, 507 F.3d 905, 908 (5th Cir. 2007). We will uphold the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Percel, 553 F.3d 903, 910 (5th Cir. 2008). Under 18 U.S.C. § 875 (c), the Government is required to prove that the defendant transmitted a communication in interstate commence that threatened to kidnap or injure another. United States v. Morales, 272 F.3d 284, 287 (5th Cir. 2001). Williamson's only argument is that the evidence did not show that he sent the e-mail. Given the evidence regarding Williamson's computer use, it would have been reasonable for the jury to conclude that Williamson had sent the threatening e-mail.

The district court did not err in denying Williamson's motion for a jury instruction on entrapment. "Entrapment is an affirmative defense that requires a defendant to show he was induced to commit a criminal act by a government agent and that he was not predisposed to commit the act without the inducement." United States v. Thompson, 130 F.3d 676, 689 (5th Cir. 1997) (internal quotation marks and citation omitted). Williamson's argument is frivolous because he confuses provocation with entrapment. He has not alleged that the Government induced him to make the threat.

The remainder of Williamson's claims have not been briefed adequately. Although pro se briefs are liberally construed, pro se parties must still brief the issues and reasonably comply with the standard for appellate briefs set forth in Rule 28 of the Federal Rules of Appellate Procedure. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). Federal Rule of Appellate Procedure 28 requires, inter alia, that the argument contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies. Rule 28(a)(9)(A). Rule 28 also requires the appellant's brief to contain "a statement of facts relevant to the issues submitted for review with

appropriate references to the record." Rule 28(a)(7). Pro se litigants must brief arguments to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). All issues not discussed above are deemed abandoned. See Hughes v. Johnson, 191 F.3d 607, 612-13 (5th Cir. 1999).

AFFIRMED.