# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2011

No. 11-30686
Summary Calendar

Lyle W. Cayce
Clerk

KELDA PRICE WELLS; BETHANY WELLS; KELVIN WELLS; PATRICK WELLS; TREASURE WELLS,

Plaintiffs–Appellants

v.

UNITED STATES DEPARTMENT OF EDUCATION OFFICE FOR CIVIL RIGHTS,

Defendant–Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No.3:11-CV-16

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

The Appellants filed this *pro se* suit against the United States Department of Education Office for Civil Rights alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, the No Child Left Behind Act ("NCLBA"), 20 U.S.C. § 6301 *et seq.*, and the Civil Rights Act of 1964. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30686

district court allowed the Appellants to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). A magistrate judge issued a report recommending dismissal under 28 U.S.C. § 1915(e) because the Appellants failed to state a claim on which relief may be granted. The district court adopted the magistrate judge's report and dismissed the Appellants' suit under § 1915(e). 28 U.S.C. § 1915(e)(2)(B)(ii).

Because the *in forma pauperis* (IFP) provision allows persons to bring their claims in federal court without the usual costs associated with litigation, "district courts are vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). Therefore, we review IFP dismissals under an abuse-of-discretion standard. *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1996). We have said that "an IFP proceeding may be dismissed if (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or fact; or (3) it is clear that the plaintiff can prove no set of facts in support of his claim." *Id.* Moreover, although we "liberally construe" the filings of *pro se* litigants and "apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel," *pro se* appellants must still brief the issues such that an appellate court can reasonably pass on them. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

Here, the Appellants seek review of the district court's determination as to their FOIA requests and the district court's pre-answer dismissal of the Appellants' complaint. Though there are mentions in the Appellants' brief to NCLBA and the Civil Rights Act, there are no facts in the brief that could support a cause of action under either statute; it appears therefore that these claims have been abandoned on appeal. As stated above, the district court has broad discretion over IFP complaints and the mere fact that the district court did not see fit to require a responsive pleading is not an abuse of discretion. *Green*, 788 F.2d at 1119. As to Appellants' FOIA complaints, it appears that the

No. 11-30686

Appellants are upset about the Department of Education's withholding records with respect to "08-462, 10-323, and 11-603." FOIA requires that those seeking records from a government agency "reasonably describe[] such records" sought. 5 U.S.C. § 552(a)(3). Because of this failure to reasonably describe the records sought, the district court dismissed the Appellants' FOIA claims. As we cannot decipher which records the Appellants are seeking, we cannot say that the district court abused its discretion in dismissing the suit on this basis.

For the foregoing reasons, we AFFIRM the district court's dismissal of the Appellants' complaint.

AFFIRMED.