**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 1, 2012

Lyle W. Cayce
Clerk

No. 11-10731
Summary Calendar

CLARENCE HAWKINS,

Plaintiff-Appellant

v.

S. O. WOODS,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:11-CV-153

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Clarence Hawkins appeals the district court's dismissal of his 42 U.S.C.
§ 1983 complaint. Hawkins, acting pro se and filing on behalf of his deceased
brother, alleged in the district court that the State Classification Committee of
the Texas Department of Criminal Justice kept his brother in prison past his
discharge date, failed to notify the records division in a timely manner of the
discharge date, and caused his brother's death in prison. The district court
concluded that the statute of limitations applicable to Hawkins's claims had

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

expired. The district court dismissed Hawkins's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous.

Hawkins's appellate brief does not address the district court's reason for dismissing his claims. Although we apply less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construe briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of Federal Rule of Appellate Procedure 28. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam). We will not raise and discuss legal issues that Hawkins has failed to assert; when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Hawkins has failed to brief any issue, his appeal is frivolous and is dismissed. *See* 5TH CIR. R. 42.2.

Hawkins is warned that the filing of repetitious or frivolous appeals may result in the imposition of sanctions against him. These sanctions may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.

APPEAL DISMISSED; SANCTION WARNING ISSUED.