**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 22, 2012

Lyle W. Cayce
Clerk

No. 11-11146
Summary Calendar

SCOTT COBERLY,

Plaintiff-Appellant

v.

CHRISTUS HEALTH,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-1213

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se in this court, Scott Coberly appeals the dismissal of his complaint against his former employer, Christus Health (Christus). In the district court, Coberly claimed that Christus violated the Fair Labor Standards Act (FLSA) by (1) failing to pay him overtime compensation to which he was entitled as a non-exempt employee, and (2) retaliating against him as a result of his having complained about the lack of overtime compensation. He also asserted a breach of contract claim under Texas state law. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11146

granted Christus's summary judgment motion, holding Coberly's state law claim was preempted by the FLSA. The court further determined that, for purposes of the retaliation claim, Christus had satisfied its burden of showing a legitimate, non-discriminatory reason for the termination, and Coberly, in turn, had not shown a genuine dispute as to any material fact concerning whether the proffered reason for his discharge was merely a pretext. Finally, with respect to the FLSA wages claim, the court determined that no genuine issue of material fact existed regarding Coberly's status as an exempt employee as he qualified as an executive employee.

Coberly's scant appellate brief, consisting primarily of legal boilerplate, does not challenge the district court's reasons for dismissing his claims. Federal Rule of Appellate Procedure 28(a)(9) requires the appellant's brief contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies" and "for each issue, a concise statement of the applicable standard of review." "Although we liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel, pro se parties must still brief the issues and reasonably comply with the standards of Rule 28." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Coberly's brief does not comply with Rule 28. He has not shown that the district court erred in granting summary judgment and dismissing his complaint. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, he has waived any challenge to the summary judgment dismissal of his action.

AFFIRMED.