# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10170
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 3, 2014

Lyle W. Cayce
Clerk

ARMY MAJOR (RETIRED) JAMES BOSWELL,

Plaintiff–Appellant

v.

VICTOR J. BOSCHINI, JR., Chancellor of Texas Christian University; CLARENCE SCHBAUER, III, Chairman of the Board of Trustees; ROBERT GINSBURG, Attorney for Texas Christian University; LAW FIRM OF MCDONALD SANDERS; TEXAS CHRISTIAN UNIVERSITY; BOARD OF TRUSTEES TEXAS CHRISTIAN UNIVERSITY,

Defendants–Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-208

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Army Major (Retired) James Boswell ("Boswell"), proceeding pro se, appeals the dismissal of his civil complaint and the denial of his motion to amend his complaint, motion to transfer venue, and motion to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10170

recuse the district court judge. This Court reviews de novo a district court's dismissal based on *res judicata*. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). Rulings on motions to amend, motions to transfer venue, and motions for recusal are reviewed for abuse of discretion. *E.g.*, *Wilson v. Bruks–Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010) ("In general, we review a district court's denial of leave to amend for abuse of discretion."); *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 631 (5th Cir. 2008) ("This [Court] reviews the district court's venue rulings for abuse of discretion."); *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999) (reviewing denial of recusal motion for abuse of discretion).

Boswell does not challenge the district court's reasons for dismissing his complaint or for denying his various motions. Although pro se briefs are liberally construed, pro se appellants must brief the issues and reasonably comply with the requirements of Rule 28 of the Federal Rules of Appellate Procedure. *E.g.*, *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam); *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). When an appellant does not identify error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Boswell does not argue that it was error for the district court to have used *res judicata* as a basis for dismissing his complaint, or that it was an abuse of discretion to deny any of his motions, the issues are deemed abandoned. *See id.* at 748; *see also Yohey*, 985 F.2d at 225 (addressing only those arguments briefed and, thus, preserved on appeal by pro se appellant). The judgment of the district court is AFFIRMED.