**Edward F. REYES; Bryant Houston, Plaintiffs–Appellees Cross–Appellants**

v.

**Billie Odell STONE, doing business as Stobil Enterprise, Defendant–Appellant Cross–Appellee.**

No. 14–50311

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 11, 2016.

Kerry V. O'Brien, O'Brien Law Firm, P.C., Austin, TX, for Plaintiffs–Appellees Cross–Appellants.

Billie Odell Stone, Doing Business as Stobil Enterprise, San Antonio, TX, pro se.

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM: *

The plaintiffs filed a complaint against their employer, Billie Odell Stone, for unpaid overtime wages under the Fair Labor Standards Act (FLSA). After Stone terminated the plaintiffs' employment, the plaintiffs amended their complaint to add claims of retaliation. The district court granted the plaintiffs summary judgment on their overtime claims but denied summary judgment on their retaliation claims. After a trial on the retaliation claims, the jury returned a verdict in favor of the plaintiffs.

Proceeding pro se, Stone appeals the award of summary judgment on the overtime claims and the jury's verdict on the retaliation claims. We review the grant of a motion for summary judgment de novo, applying the same standards as the district court. *Dillon v. Rogers,* 596 F.3d 260, 266 (5th Cir.2010). Stone's argument that the jury's verdict was not supported by the evidence is subject to plain error review because Stone did not move for judgment as a matter of law at the conclusion of the trial evidence. *See Md. Cas. Co. v. Acceptance Indem. Ins. Co.,* 639 F.3d 701, 707–08 (5th Cir.2011). Under plain error review, the relevant inquiry is whether there was *any* evidence to support the jury's verdict. *Id.*

Although the plaintiffs filed a cross-appeal, they do not challenge any aspect of the judgment. In response to Stone's arguments, the plaintiffs contend that Stone has waived all his issues on appeal by failing to adequately brief them or, alternatively, that Stone's challenges fail on the merits.

Federal Rule of Appellate Procedure 28(a)(8)(A) requires that the appellant's brief contain the appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R.APP. P. 28(a)(8)(A). Although this court applies less stringent standards to parties proceeding pro se and liberally construes the briefs of pro se litigants, pro se parties still must reasonably comply with the standards of Rule 28 and must adequately brief arguments in order to preserve them. *Grant v. Cuellar,* 59 F.3d 523, 524 (5th Cir.1995); *Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir.1993).

Stone's brief mostly consists of conclusional assertions that are not supported

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with legal analysis or citations to the record. His bare assertions about the plaintiffs' compensation and job duties are insufficient to show that the district court erred in determining that there was no genuine issue of material fact regarding whether the plaintiffs were exempt from the FLSA's overtime provisions. Similarly, Stone's arguments regarding the retaliation claims are not adequately briefed because Stone does not discuss or analyze the trial evidence in any specific way and does not sufficiently support his contentions with citations to authorities and the record. *See* Fed. R.App. P. 28(a)(8)(A); *Grant,* 59 F.3d at 524; *Yohey,* 985 F.2d at 224–25. Stone's conclusional assertions do not show that the district court erred in granting the plaintiffs summary judgment on their overtime claims or that there was error with regard to the jury's verdict on the retaliation claims.

AFFIRMED.