# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2016

Lyle W. Cayce
Clerk

No. 16-60019
Summary Calendar

MICHAEL A. DE GRAFFENRIED,

Plaintiff-Appellant

v.

SMITHWAY MOTOR XPRESS, INCORPORATED,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:14-CV-9

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Michael A. de Graffenried appeals the grant of summary judgment and the dismissal of his defamation lawsuit against his former employer, Smithway Motor Xpress, Inc. (Smithway).  In his pro se lawsuit, de Graffenried alleged that Smithway had defamed him by reporting that his employment was terminated because he had refused a drug and alcohol test following a workplace injury.  The district court granted summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment because de Graffenried had failed to establish a genuine issue of material fact regarding the truth of Smithway's representation, and in Mississippi, truth is an absolute defense to a defamation lawsuit. *See Journal Publ'g Co. v. McCullough*, 743 So. 2d 352, 360 (Miss. 1999).

Even though he disputes some irrelevant factual findings in the district court's opinion, de Graffenried does not challenge the district court's analysis of his defamation claim.  He does not identify any legal error for review by us, and he does not cite any legal authority to support overturning the grant of summary judgment.  Although we apply less stringent standards to parties proceeding pro se than to parties represented by counsel, and we liberally construe the briefs of pro se litigants, parties proceeding pro se must still brief the issues and reasonably comply with the requirements set forth in Rule 28 of the Federal Rules of Appellate Procedure.  *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).  As de Graffenried has not challenged the district court's reasons for dismissing his defamation action, he is deemed to have abandoned the sole issue before us.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the judgment).

In light of de Graffenried's abandonment of his claim, the judgment of the district court is AFFIRMED.