# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 09-10214
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2017

Lyle W. Cayce
Clerk

CHARLES RICHARD LIVECCHI,

Plaintiff-Appellant

v.

THE CITY OF GRAND PRAIRIE TEXAS; STEPHANIE ALVARDO, individually and in her official capacity as an Associate Municipal Judge for the City of Grand Prairie; NANCY ROBB, individually and in her official capacity as an Associate Municipal Judge for the City of Grand Prairie; ESTHER COLMAN, individually and in her official capacity as the Housing Assistance Manager for the City of Grand Prairie; GARY WALTERS, individually and in his official capacity as the Housing Enforcement Supervisor for the City of Grand Prairie,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-1305

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10214

Charles Richard Livecchi filed the instant lawsuit, asserting claims under 42 U.S.C. § 1983 and Texas state law, against the City of Grand Prairie and against the individual defendants in their official and personal capacities. He alleged several violations of his constitutional rights and violations of state law related to inspections of his rental property and a conviction for contempt. Livecchi, proceeding pro se, now appeals the district court's grant of the defendants' motion for summary judgment and the dismissal of his complaint.

The district court provided specific, detailed reasons that were supported by relevant case law for granting summary judgment to the defendants and rejecting Livecchi's claims for relief. However, Livecchi's brief fails to address the district court's reasons. Even liberally construed, Livecchi's brief merely reiterates the facts and assertions contained in his complaint and adds the assertions that summary judgment is unconstitutional and that the appellees violated his right to discovery. His brief is devoid of record references, citation to authority, or standards of review.

Although we apply "less stringent standards to parties proceeding *pro se* than to parties represented by counsel" and liberally construe the briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of Federal Rule of Appellate Procedure 28. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); see also *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (stating that pro se appellants must brief arguments in order to preserve them). The appellant's brief must contain an argument, which in turn must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies" and "for each issue, a concise statement of the applicable standard of review." Rule 28(a)(8); *see Yohey*, 985 F.2d at 225. General arguments giving only broad standards of review and not citing to any error

No. 09-10214

are insufficient to preserve issues for appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Here, Livecchi's brief wholly fails to comply with Rule 28(a)(3) and (a)(8). Accordingly, his appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.