# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 3, 2018

Lyle W. Cayce
Clerk

No. 16-50775
Summary Calendar

CHRISTOPHER L. MCKIVER,

Plaintiff-Appellant

v.

LINDA GARCIA, Correctional Officer 5; MIRANDA GONZALES, Correctional
Officer 4,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CV-478

Before WIENER, DENNIS and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Christopher L. McKiver, Texas prisoner #785351, appeals the district
court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint as frivolous and
for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) and
§ 1915A(b)(1). McKiver's claim arises from the confiscation of his personal
property by prison officials.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-50775

The district court found that McKiver failed to allege a constitutional procedural due process violation because the prison grievance procedure and state tort law provided a meaningful post-deprivation remedy for the loss of his property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Affording McKiver's pro se brief liberal construction, *see Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), he alleges — and the record suggests — that the deprivation may have resulted from established state procedure rather than random and unauthorized action, meaning that a Section 1983 claim could be appropriate. *See Zinermon v. Burch*, 494 U.S. 113, 115, 138 (1990); *Augustine v. Doe*, 740 F.2d 322, 327–29 (5th Cir. 1984). Because the defendants were not served in the district court, the Texas Attorney General appeared in this appeal as amicus curiae and filed a letter brief, suggesting that we remand this case to the district court as the record does not reflect whether the taking was pursuant to an established state procedure or was random and unauthorized.

Accordingly, we VACATE the district court's dismissal of McKiver's Section 1983 complaint and REMAND for further proceedings. We express no opinion on the ultimate disposition of the complaint.