# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2021

Lyle W. Cayce
Clerk

No. 20-50286
Summary Calendar

---

Robert Grizzle,

*Plaintiff—Appellant*,

*versus*

Sergeant Stephanie Elliott; Lieutenant Samuel Matthews; Warden Cynthia Tilley,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CV-167

---

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Robert Grizzle, Texas prisoner # 1998719, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Grizzle's claim arises from the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

confiscation of his personal property by prison officials. He also requests appointment of counsel on appeal.

The district court found that Grizzle failed to allege a constitutional procedural due process violation because state tort law provided a meaningful post-deprivation remedy for the loss of his property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Affording Grizzle's pro se pleadings liberal construction, *see Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), the factual allegations of the complaint indicate that the deprivation may have resulted from established state procedure or policy rather than random and unauthorized action, meaning that a § 1983 claim could be appropriate. *See Zinermon v. Burch*, 494 U.S. 113, 115 (1990); *Augustine v. Doe*, 740 F.2d 322, 329 (5th Cir. 1984).

Accordingly, we VACATE the district court's dismissal of Grizzle's § 1983 complaint and REMAND for further proceedings. We express no opinion on the merits of Grizzle's claim. Grizzle's motion for the appointment of counsel is DENIED as moot.