# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-10513
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
October 12, 2023

Lyle W. Cayce
Clerk

Celeste Elizabeth Howey,

*Plaintiff—Appellant*,

*versus*

Truist Bank,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CV-747

———————————————————————

Before Davis, Ho, and Wilson, *Circuit Judges*.
Per Curiam:[*]

Plaintiff-Appellant, Celeste Elizabeth Howey, proceeding *pro se*, appeals the district court's judgment dismissing her complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10513

## I. BACKGROUND

On August 25, 2022, Howey filed a complaint against Defendants, Cendera Funding, Inc. ("Cendera"), and Truist Bank ("Truist"), asserting a "[t]ort claim for negligence." Howey alleged that in March 2012, she signed a "Deed of Trust" with a promissory note in the amount of $404,219.00 in favor of Cendera. She asserted that subsequently the Deed of Trust was extinguished and a "new Novation Agreement" was recorded, somehow making her the creditor and Cendera the debtor.[1] At the same time, Howey made the bizarre allegation that Cendera did not disclose that the promissory note "create[d] the money which Cendera pretend[ed] loaning Howey, a criminal act, better known as a [P]onzi scheme." She asserted that Defendants breached "fiduciary and legal duties and obligations owed to her" when they "illegally proceed[ed] with a foreclosure sale and debt collection action against her" and, in doing so, violated her constitutional rights. As relief, Howey seeks release from any debt owed to Defendants and judgment in her favor for $404,219.00 "for [Defendants'] culpable negligent conduct."

Defendant-Appellee Truist, the assignee of the Deed of Trust, was served with Howey's complaint on August 26, 2022.[2] On September 16, 2022, the last day of the deadline for filing an answer to the complaint,[3] Truist filed a motion requesting a fourteen-day extension of time (until

_____

[1] An "Assignment of Deed of Trust" in the record indicates that Cendera assigned the Deed of Trust to Truist in April 2022.

[2] The summons for Cendera was returned unexecuted because the "business [wa]s closed, out of business." Because service was not effected on Cendera, the district court dismissed it from this action without prejudice. Howey has not appealed that dismissal.

[3] Rule 12 provides that "[a] defendant must serve an answer: (i) within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i).

2

No. 23-10513

September 30) to respond to Howey's complaint. On September 19, 2022, Howey filed an Application for Entry of Default against Truist. The district court referred both motions to the magistrate judge (MJ), who granted Truist's motion for extension and denied Howey's application for entry of default.[4]

On September 30, 2022, Truist filed a Rule 12(b)(6) motion to dismiss Howey's complaint for failure to state a claim. Howey then filed a First Amended Complaint, repeating the same allegations from her original complaint. The day after Howey filed her amended complaint, Truist filed another Rule 12(b)(6) motion seeking dismissal of the amended complaint. Howey opposed Truist's Rule 12(b)(6) motion and also filed a Second Application for Entry of Default. She argued that a Rule 12(b)(6) motion was not a rule-compliant response to an amended complaint. Howey asserted that she consequently was entitled to a default judgment against Truist.

The MJ recommended that Truist's Rule 12(b)(6) motion be granted. Specifically, the MJ determined that Howey failed to allege facts sufficient to state a federal constitutional or breach of fiduciary duty claim against Truist; that she failed to allege facts setting forth claims for an invalid lien or wrongful foreclosure; and that she failed to allege facts supporting claims of wrongful debt collection, negligence, and unjust enrichment. Overruling Howey's objections, the district court adopted the MJ's recommendation and granted Truist's Rule 12(b)(6) motion. The district court thereafter

_____

[4] Howey filed objections to the magistrate judge's rulings. She complained that he did not "provide the points and authorities" for granting Truist's motion for extension of time and that the ruling violated her Fifth Amendment rights. Howey made other outlandish accusations against the magistrate judge, including that he was "advocating the overthrow of the United States Constitutional form of government," was "willfully conducting criminal activities . . . to plunder Howey's loot," and committed "felony crimes" by way of his rulings.

No. 23-10513

issued a judgment dismissing Howey's complaint with prejudice. Howey filed a timely notice of appeal.

## II. DISCUSSION

On appeal, Howey first argues that Truist's motion for extension of time to file an answer or other responsive pleading to her original complaint was dilatory and/or moot, and that the district court abused its discretion in granting the motion. She contends that Truist was required to file its motion "with enough time for the Trial Court to grant Defendant's motion before the 21-day deadline expire[d] on 9/16/2022."

Howey is mistaken. Under the plain language of Rule 6(b), Truist was required to file its motion for extension of time "before the original time or its extension expire[d]" for filing an answer to Howey's complaint. Contrary to Howey's contentions, the rule does not require the filing of the motion with enough time for the district court to grant the motion before the deadline expired. Although Truist filed its motion for extension of time on the last day of the twenty-one day deadline, the motion was timely, not dilatory, and could be granted "for good cause."[5] Howey has not shown that the court abused its discretion in granting Truist a fourteen-day extension of time to respond to Howey's original complaint.[6]

Howey next contends that Truist was required to answer her First Amended Complaint within fourteen days after service. Howey is correct that Rule 15 sets forth a fourteen-day deadline for responding to an amended

---

[5] Fed. R. Civ. P. 6(b)(1)(A).

[6] We review trial court decisions regarding extensions of time of filing deadlines for abuse of discretion. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 (5th Cir. 2006).

pleading.[7]  However, Truist responded well within that deadline—it filed a Rule 12(b)(6) motion to dismiss the day after Howey filed her amended complaint.  Truist's Rule 12(b)(6) motion was timely.  Thus, contrary to Howey's contentions, Truist did not default, and consequently she was not entitled to a judgment of default in her favor.

Howey next asserts that the district court should not have granted Truist's Rule 12(b)(6) motion.  She simply states that a "liberal reading" of her amended complaint "clearly gives an indication that a valid claim might be stated."  Although this Court liberally construes *pro se* briefs, "*pro se* parties must still brief the issues."[8]  Howey provides no argument challenging the bases for the district court's Rule 12(b)(6) dismissal.  Thus, it "is the same as if [s]he had not appealed that judgment."[9]

Based on the foregoing, the district court's judgment is AFFIRMED.

---

[7] Fed. R. Civ. P. 15 (a)(3).

[8] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("[A]rguments must be briefed to be preserved.").

[9] *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).