# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-51032
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 15, 2023

Lyle W. Cayce
Clerk

Andrew Trevino,

*Plaintiff—Appellant*,

*versus*

Timothy Price, *Homicide Detective, Austin Police Department*,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CV-152

---

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Proceeding pro se and in forma pauperis, Andrew Trevino, Texas prisoner #2119873, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint following the grant of summary judgment in favor of the sole named defendant, Detective Timothy Price. Trevino sought damages

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

for injuries he alleged resulted from Detective Price's use of excessive force in handcuffing him on November 9, 2021.

In his brief on appeal, Trevino does not challenge the district court's determination that the summary judgment evidence did not show that Detective Price handcuffed him, much less used excessive force against him while doing so, as he alleged in his complaint. Even given the benefit of liberal construction, by failing to address the summary judgment evidence or any aspect of the district court's summary judgment determination, Trevino appears to have abandoned any challenge to the sole issue on appeal. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995; *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (stating that this court "will not raise and discuss legal issues" that an appellant "has failed to assert"). Nevertheless, assuming he has not abandoned a challenge to the summary-judgment ruling, he has not shown a genuine dispute as to any material fact.

Summary judgment is appropriate if the record discloses "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We review "the grant of summary judgment de novo, applying the same standards as the district court." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal quotation marks and citation omitted). When, as in this case, a § 1983 defendant pleads qualified immunity in a summary judgment motion, the plaintiff has the burden to show that the defense is unavailable. *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015). To satisfy this burden, the plaintiff must show that there are material factual disputes regarding whether the defendant violated a constitutional right and whether the right was clearly established at the time of the alleged misconduct, such that every reasonable official would understand that the misconduct violated the right. *See Baldwin v. Dorsey*, 964 F.3d 320, 325-26 (5th Cir. 2020).

No. 22-51032

The competent summary judgment evidence before the district court, including video evidence of Trevino's handcuffing and re-cuffing with two pairs of handcuffs for his comfort, "blatantly contradict[s]" and "utterly discredit[s]" Trevino's § 1983 allegation that Detective Price used excessive force in handcuffing him. *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017) (internal quotation marks and citation omitted). Indeed, the video evidence, which is consistent with the affidavits submitted, unambiguously shows that it was a uniformed patrol officer—and not Detective Price—who handcuffed Trevino. None of the evidence shows the patrol officer using force, much less excessive force, or engaging in any malicious conduct when handcuffing, or re-cuffing, Trevino. *See, e.g. Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (concluding that officer's handcuffing of plaintiff, which caused the plaintiff's hand to become swollen, did not amount to excessive force because the plaintiff did not allege that the officer acted maliciously, and "handcuffing too tightly, without more, does not amount to excessive force"). To the contrary, the video evidence clearly shows that the interaction between Trevino and the officer was calm and cordial and that Trevino was handled courteously and without force by Detective Price.

Because the competent summary judgment evidence does not show a genuine dispute as to any material fact regarding whether Detective Price handcuffed Trevino or violated Trevino's constitutional right by using excessive force, summary judgment was proper. Accordingly, the district court's judgment is AFFIRMED. Trevino's motion for monetary damages is DENIED.