# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2024

Lyle W. Cayce
Clerk

No. 23-40611
Summary Calendar

———————————

David Edward Ellis,

*Plaintiff—Appellant*,

*versus*

Schneider National Carriers, Incorporated,

*Defendant—Appellee*.

———————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:21-CV-25

———————————————

Before Davis, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant, David Edward Ellis, proceeding *pro se* and *in forma pauperis*, appeals the district court's judgment dismissing his claims under Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA") against Defendant-Appellee, Schneider National Carriers, Inc. ("Schneider"). We AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

## I.

Schneider employed Ellis as a long-haul trucker for approximately five months from August 2019 until January 2020. His duties included picking up and delivering freight, subject to the supervision of his fleet manager, Jorge Bustamante, and his dispatcher, Victoria Solares. In October 2019, Ellis sent an email to a manager complaining about Solares because she required that he communicate with her by telephone instead of through a messaging application program, which Ellis preferred. Ellis further suggested that Solares required him to communicate in that way because Solares was interested in him romantically. Later in the month, Ellis sent an email to four other colleagues complaining about Solares. The email included inappropriate sexual references.

On November 22, 2019, Schneider placed Ellis on a performance improvement plan ("PIP") due to his inappropriate communications with his colleagues and supervisors. Ellis was told that he needed to adhere to Schneider's policy of respect for all fellow employees and to "work on effective performance of the core competency of communication." Ellis was informed that fellow employees who received his email found it offensive due to inappropriate sexual references. Ellis signed the PIP and did not dispute the information in it. The PIP advised Ellis that he could be terminated for engaging in similar conduct in the future. However, Ellis did not cease sending offensive emails. On December 24, 2019, and January 13, 2020, Ellis sent offensive emails to Bustamante and Solares. On January 14, 2020, Schneider terminated Ellis's employment.

In March 2021, Ellis, proceeding *pro se* and *in forma pauperis*, sued Schneider, as well as Bustamante and Solares. Ellis asserted claims of disability, age, race, and religious discrimination, as well as retaliation, under Title VII, the ADEA, and the ADA. Bustamante, Solares, and Schneider

moved under Rule 12(b)(6) to dismiss the complaint for failure to state a claim. The district court granted Bustamante and Solares's motion, dismissing them as defendants. The district court granted Schneider's motion in part and denied it in part, dismissing all but Ellis's claims under Title VII for religious discrimination and retaliation for requesting a religious accommodation.

Schneider thereafter moved for summary judgment seeking dismissal of Ellis's remaining claims. The district court granted Schneider's motion, and Ellis filed a timely notice of appeal.

## II.

In its Rule 12(b)(6) and summary-judgment rulings, the district court provided a thorough and detailed analysis of each of Ellis's claims, explaining the elements he needed to establish and why he failed to state a claim or demonstrate a genuine issue of material fact sufficient to overcome summary judgment. Specifically, the court dismissed under Rule 12(b)(6): (1) Ellis's ADA claim for failure to exhaust administrative remedies; (2) his Title VII racial discrimination claims because he failed to allege that any adverse employment decisions were differentially applied to him; (3) three of his Title VII retaliation claims because he did not allege that he ever communicated his complaints to his managers nor did he plausibly allege the required causal connection; and (4) his ADEA claim because he failed to allege that any adverse employment decisions were differentially applied to him. As to his claims under Title VII for religious discrimination, the district court granted summary judgment in favor of Schneider, determining that Ellis's disparate treatment and failure-to-accommodate claims failed because Ellis produced no evidence satisfying the prima facie requirements. The court additionally determined that Ellis's Title VII retaliation claims could not survive summary judgment because there was no evidence that

No. 23-40611

Schneider's legitimate, non-retaliatory reason for terminating him—his repeated offensive emails to his colleagues and supervisors—was merely pretext for unlawful retaliation.

Ellis's near incoherent appellate brief makes no argument about any of the claims dismissed for failure to state a claim under Rule 12(b)(6). As to his religious discrimination and retaliation claims, Ellis does not challenge the district court's determination that Ellis produced no evidence sufficient to survive summary judgment.[1]

Although we liberally construe *pro se* briefs, *pro se* parties must still brief the issues in order to preserve them for appellate consideration.[2] Because Ellis fails to identify any error in the district court's judgment dismissing his claims, it "is the same as if he had not appealed that judgment."[3]

Based on the foregoing, the judgment of the district court is AFFIRMED.

---

[1] Throughout his brief, Ellis includes vile and offensive language such that the Court, on its own motion, would be warranted in striking his brief. Ellis is WARNED that if any future filings in this Court contain similar language, sanctions will be imposed.

[2] *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam).

[3] *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).